**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Timothy S. Black |
| v. | ) | |
| | ) | |
| LARRY HOUSEHOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT LARRY HOUSEHOLDER'S MOTION TO SEVER

Defendant Larry Householder moves the Court, under Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure, to sever his trial from Defendant Matthew Borges's trial. The government improperly joined Householder and Borges as defendants in this case. Although the government in its Indictment tried to allege a sweeping RICO conspiracy among the defendants, the government, in fact, alleged multiple conspiracies that do not involve Householder and Borges. In other words, the government alleged a rimless wheel and spokes conspiracy and, under these circumstances, severance of these misjoined counts and defendants is mandatory. Even if severance is not appropriate for improper joinder, the Court should still sever these two defendants because trying them together will impermissibly prejudice Householder.

A memorandum in support of this motion is attached.

1

{01659665-1}

Dated: February 1, 2022	Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Ave.
Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
mark@mareinandbradley.com

Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

**CERTIFICATE OF SERVICE**

      I certify that the foregoing was electronically filed on February 1, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/ Steven L. Bradley*
                                              Steven L. Bradley (0046622)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Timothy S. Black |
| v. | ) | |
| | ) | |
| LARRY HOUSEHOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT LARRY HOUSEHOLDER'S MOTION TO SEVER**

## I. INTRODUCTION

The government improperly joined Householder and Borges. Although its Indictment alleges a sweeping RICO conspiracy, it, in fact, alleges multiple conspiracies. The Indictment alleges the kind of rimless wheel conspiracy the Supreme Court has long held improper. The Court should thus sever Householder and Borges.

Even if Householder and Borger are properly joined, severance is still appropriate. Borges participated in several proffer-protected interviews with government agents. The government has already said that Borges violated the terms of his proffer agreement, and the government has already published summaries of what he said during those interviews. Gov't Opp. at 20 n.14 (Doc. 96). Because Borges's proffer statements are likely admissible against Borges at trial, a joint trial creates *Bruton* problems. Borges's statements likely implicate Householder, and redaction would not cure the prejudice to Householder.

The Court should thus sever Householder from Borges.

1

## II. LEGAL STANDARD

**A.** Joinder of multiple defendants is proper only if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Acts or transactions form a "series" if they are "logically interrelated"—for example, if they are "part of a common scheme or plan." *United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004). In keeping with the purpose of joinder—to promote judicial economy—courts also find a set of acts or transactions to form a series if they involve substantially overlapping evidence that will permit joint proof at trial. *See United States v. Frost*, 125 F.3d 346, 390 (6th Cir. 1997) ("[T]he primary purpose of this kind of joinder is to insure that a given transaction need only be proved once."). Rule 8 is a pleading rule; for this reason, courts examine only "the allegations on the face of the indictment," not the proofs at trial, to determine whether Rule 8 permits joinder. *See Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017). If the defendants are misjoined, "the trial judge has no discretion on the question of severance. Severance in such a case is mandatory." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982).

**B.** Even if Householder and Borges are properly joined, Federal Rule of Criminal Procedure 14(a) provides a court may sever properly joined defendants. Ordering that defendants' trials be severed and separately tried in order to avoid prejudicial joinder under Rule 14 is within the discretionary power of the trial court. *United States v. Blakeney*, 942 F.2d 1001, 1011 (6th Cir. 1991). Indeed, if defendants are initially and properly joined under Federal Rule of Criminal Procedure 8(b), a district court should exercise its discretion by granting a severance under Rule 14 when: "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

2

innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Zafiro v. United States*, 506 U.S. 534, 539, 541 (1993) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."). Additionally, "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice" and require a severance order. *Id.* at 539-540.

### III. ARGUMENT

#### A. Householder and Borges are improperly joined.

Although Householder and Borges are charged together in a single-count RICO conspiracy Indictment, the Court should still find that they are improperly joined. This is so because the Indictment here alleges a kind of rimless wheels-and-spokes conspiracy the Supreme Court confronted in *Kotteakos v. United States*, 328 U.S. 750 (1946). There, the government tried to establish a single conspiracy among 19 defendants. Simon Brown, who before trial pleaded guilty, was at the hub of the conspiracy: the government alleged that the 19 defendants used Brown to obtain fraudulent loans. *Id.* at 752-54. But, among the 19 defendants, the government showed no connection, "other than that Brown had been the instrument in each instance for obtaining the loans." *Id.* at 754. In other words, "there were at least eight, and perhaps more, separate and independent groups, none of which had any connection with any other, though all dealt independently with Brown as their agent. As the Government puts it, the pattern was that of separate spokes meeting in a common center, though, we may add, without the rim of the wheel to enclose the spokes." *Id.* at 755 (cleaned up). The Supreme Court vacated the defendants' convictions because it found the government's proof of multiple conspiracies

3

{01659665-1}

prejudiced the defendants. For this reason, "[j]oinder is not permitted 'when, as here, the connection between different groups is limited to a few individuals common to each but those individuals commit separate acts which involve them in separate offenses with no common aim.'" *United States v. Carrozza*, 728 F. Supp. 266, 270 (S.D.N.Y. 1990) (quoting *United States v. Nettles*, 570 F.2d 547, 551 (5th Cir. 1978)).

As in *Kotteakos*, the Indictment here alleges a rimless wheels-and-spokes conspiracy. "A rimless wheel conspiracy is one in which various defendants enter into separate agreements with a common defendant, but where the defendants have no connection with one another, other than the common defendant's involvement in each transaction." *United States v. Swafford*, 512 F.3d 833, 842 (6th Cir. 2008) (cleaned up). At the center of the hub is FirstEnergy Corp.,[1] with Householder and Borges as separate independent spokes. As alleged in the Indictment, Householder and Borges had completely separate roles in the alleged RICO conspiracy: allegedly Householder's was to pass "legislation that would save the operation of the Nuclear Plants," Indictment ¶ 76 (Doc. 22), and allegedly Borges's was "to defeat the Ballot Campaign," *id.* ¶ 125. Indeed, the Indictment alleges no interaction between Householder and Borges, and its only specific allegations regarding Borges relate to the Ballot Campaign. *E.g.*, *id.* ¶¶ 125-127. "For a wheel conspiracy to exist, those people who form the wheel's spokes must have been aware and must do something in furtherance of some single, illegal enterprise. If not, there is no rim to enclose the spokes." *United States v. Chandler*, 388 F.3d 796, 808 (11th Cir. 2004) (cleaned up). That's what we have here. The government does not allege that Householder knew of Borges's actions or that Householder and Borges did anything in furtherance of a single

---

[1] Because FirstEnergy entered into a deferred prosecution agreement with the government, *United States v. FirstEnergy Corp.*, No. 1:21-cr-86 (S.D. Ohio), ECF No. 2, Householder uses "FirstEnergy" instead of the pseudonym the government used in the Indictment (Company A Corp.).

enterprise. And "while a single conspiracy does not become multiple conspiracies simply because each member of the conspiracy does not know every other member," the government must show that each alleged member "agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States v. Warner*, 690 F.2d 545, 549 (6th Cir. 1982).

At bottom, the government alleged a rimless wheel conspiracy. In other words, it alleged at least two conspiracies: one involving Householder and another involving Borges. As in *Kotteakos* and the cases that follow it, trying Householder and Borges together is improper. The Court should sever their trials.

### B. Householder suffers prejudice if he is tried with Borges.

"The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant 'to be confronted with the witnesses against him,' and this 'includes the right to cross-examine witnesses.'" *Cruz v. New York*, 481 U.S. 186, 187-89 (1987) (citing *Pointer v. Texas*, 380 U.S. 400, 404 (1965)). In *Bruton v. United States*, the Supreme Court held that a defendant is deprived of that right when a codefendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. 391 U.S. 123, 135-36 (1968). Thus, under *Bruton*, "[w]here two or more defendants are tried jointly, . . . the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination." *Cruz*, 481 U.S. at 190.

The Court has several options to cure a *Bruton* problem. It "may protect the non-confessing defendant's Sixth Amendment rights by 1) exclusion of the confession, 2) severance of the trial, or 3) redaction of the confession to avoid mention or obvious implication of the non-

5

{01659665-1}

confessing defendant." *Stanford v. Parker*, 266 F.3d 442, 456 (6th Cir. 2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).

The Court is faced with a *Bruton* problem here. Defendant Borges, on multiple occasions, participated in proffer-protected interviews with the government. Gov't Opp. at 20 n.14 (Doc. 96). Although his agreement[2] with the government protected his statements from disclosure, the agreement contained an important carve out: "The proffer agreement protected his statements during the interviews unless, among other things, he subsequently took a position inconsistent with what he told agents during the interviews." *Id.*; *see also United States v. Shannon*, 803 F.3d 778, 783 (6th Cir. 2015) (finding no error to district court's admission of proffer-protected statements). The government says that's "precisely" what Borges has done. Gov't Opp. at 20 n.14 (Doc. 96). And, in its opposition, the government summarizes what Borges told it:

> Borges admitted to FBI agents during the March 2 interview that he paid CHS 1 for information relating to CHS 1's efforts with the referendum. Similarly, during the February 4 interview, Borges stated to FBI agents that the purpose of the payment was to pay CHS 1 for information regarding how many signatures the opposition collected so Borges could share this information with a co-defendant and members of his team. He now somehow claims that the affiant made a false statement *by drawing the same conclusion in the complaint affidavit*—that Borges intended to pay the CHS for information relating to the Ballot Campaign. (*See, e.g.*, Doc. 93 at 1617 (arguing the affiant's description of the payment to CHS 1 as a "bribe" is false because "Borges made clear his intention was to hire CHS-1 to perform services on political projects unrelated to the HB 6 referendum issue before, during, and after making the payment.")).

*Id.*

---

[2] The government has not produced Borges's statements to Householder. Although Householder believes the record is sufficiently clear to establish that he is entitled to severance, if the Court disagrees, the Court should order the government to produce Borges's statements to Householder and the Court.

6

Borges's proffer statements present *Bruton* problems because his statements likely refer to Householder, and his statements would be admissible even if he does not testify. The Sixth Circuit's caselaw makes clear that Borges need not testify in order for the government to admit his proffer statements. *See United States v. Shannon*, 803 F.3d 778, 784 (6th Cir. 2015) (finding defendant's cross-examination of government witnesses permitted government to use proffer-protected statements); *see also United States v. Wainwright*, 89 F. Supp. 3d 950, 958-59 (S.D. Ohio 2015) (same).

Although the Supreme Court explained that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when … the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence," *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), the Court then held that the Confrontation Clause ***is*** violated if the redacted confession "refers directly to the 'existence' of the nonconfessing defendant." *Gray v. Maryland*, 523 U.S. 185, 192 (1998).

As a result, merely substituting Householder's name with a neutral phrase will not suffice to render Borges's statement admissible, *see id.*, as inserting the term will not prevent the jury from drawing the natural conclusion that the neutral phrase and Householder are one and the same, *Stanford v. Parker*, 266 F.3d 442, 456-57 (6th Cir. 2001). Although Householder recognizes that there is Sixth Circuit caselaw that stands for the proposition that a Confrontation Clause violation may be avoided when the name of the co-defendant is replaced with a neutral word, these cases involve situations in which the substituted word or phrase does not "ineluctably implicate" the co-defendant. *See United States v. Vasilakos*, 508 F.3d 401, 408 (6th Cir. 2007) (prosecution of multiple defendants for participation in an alleged conspiracy to defraud, declarant-codefendants' deposition statements did not ineluctably implicate Vasilakos

or Lent.). In this case, there will be no doubt that Householder will be ineluctably implicated. *See Stanford*, 266 F.3d at 456-57 (concluding that Confrontation Clause was violated because "other person" in confession would not prevent jury from inferring confession referred to defendant). Like in *Stanford*, the jury will undoubtably conclude that Householder is referenced in any redacted statement.

This motion is not premature. To be sure, as noted above, Borges's proffer-protected statements may only be admitted if he takes "a position inconsistent with what he told agents during the interviews." Gov't Opp. at 20 n.14 (Doc. 96). But "it is reasonably foreseeable that developments at trial, coupled with the terms of the proffer agreement, will result in the Government seeking to introduce [defendant's] statement." *United States v. McLaughlin*, No. 3:CR-12-0179, 2013 U.S. Dist. LEXIS 34390, at *24 (M.D. Pa. Mar. 13, 2013) (granting motion to sever). The government has already claimed that Borges has taken positions inconsistent with what he told the government in proffer sessions, and the government has already summarized, in part, what Borges said in those proffer sessions. *See* Gov't Opp. at 20 n.14 (Doc. 96). As in *McLaughlin*, it thus reasonable to assume that the government will seek to introduce Borges's statements at trial. What's more, if the Court delays deciding this motion until trial, it will "undermine the benefits of judicial economy joint trials are meant to protect." *Id.* ("If resolution of McLaughlin's request for severance is reserved until Williams' arguments and theory of his defense are apparent at trial, the principle of judicial economy on which the joinder rules are based would be comprised.").

### C. COVID-19 also mitigates in favor of severance.

Although a trial is months away, the COVID-19 pandemic favors severance. As other courts in this district have found, the "present COVID-19 pandemic has made it impractical and

8

unsafe to hold a joint jury trial." *United States v. Furness*, No. 3:19-cr-098 (4), 2021 U.S. Dist. LEXIS 35136, at *4 (S.D. Ohio Feb. 25, 2021) (granting motion to sever). The government told defense counsel and the Court at the last status conference a trial in this case will likely take at least six weeks. Scores of witnesses will testify during that time, and counsel and courtroom personnel will be present in the well of the Court. The longer the trial proceeds and the more witnesses that are presented, the greater the chance the proceedings will be hampered or delayed due to illness of Defendants, counsel, the jury, or the court. Severing Householder from Borges will result in a shorter trial (*e.g.*, only one cross-examination—instead of two—per witness), remove the need to present evidence relevant to just Householder or just Borges, and reduce the risk posed by the pandemic. *See United States v. DeCicco*, No. 18-10013-RGS, 2020 U.S. Dist. LEXIS 47658, at *10 n.9 (D. Mass. Mar. 19, 2020) (granting motion to sever and noting that "[i]n light of current events and their likely impact on the immediate future, I would also think it in the public interest to do all that we can to avoid prolonged jury trials when possible, owing to public health concerns.").

**IV.    CONCLUSION**

    For these reasons, the Court should sever Householder's trial from Borges's trial.

|  |  |
|---|---|
| Dated: February 1, 2022 | Respectfully submitted, |

/s/ Steven L. Bradley
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Ave.
Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

10

{01659665-1}