UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Timothy S. Black |
| v. | ) | |
| | ) | |
| LARRY HOUSEHOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LARRY HOUSEHOLDER'S MOTION TO
<u>STRIKE SURPLUSAGE FROM THE INDICTMENT</u>**

Defendant Larry Householder moves the Court, under Rule 7(d) of the Federal Rules of Criminal Procedure, to strike certain prejudicial surplusage from the Indictment. Alternatively, Defendant Householder moves the Court to present a summary of the offense charged to the jury, rather than allowing the jury to view the Indictment. *See United States v. Poulsen*, No. CR2-06-129, 2008 WL 4326461, at *8 (S.D. Ohio Sept. 22, 2008) (denying motion to strike surplusage because "the jury will never view the indictment"). The Indictment's repeated references to "***Householder's*** Enterprise" are prejudicial and inflammatory. As other courts have explained, if the government shows the existence of a RICO conspiracy at trial, Householder "would face an insurmountable task in convincing the jury that he was not a member of the enterprise or the conspiracy bearing his name." *United States v. Hazelwood*, No. 1:10 CR 150, 2011 WL 2565294, at *22 (N.D. Ohio June 27, 2011) (quoting *United States v. Reyes*, 922 F. Supp. 818, 839 (S.D.N.Y. 1996), and granting motion to strike). The Court should thus strike the Indictment's references to "Householder's Enterprise."

A memorandum in support of this motion is attached.

1

Dated: February 1, 2022                    Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Ave.
Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
           mark@mareinandbradley.com

Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

**CERTIFICATE OF SERVICE**

  I certify that the foregoing was electronically filed on February 1, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

              */s/ Steven L. Bradley*
              Steven L. Bradley (0046622)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Timothy S. Black |
| v. | ) | |
| | ) | |
| LARRY HOUSEHOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT LARRY HOUSEHOLDER'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT

**I.     INTRODUCTION**

More than 170 times in the Indictment (Doc. 22), the government uses the made-up term "Householder's Enterprise" to describe the alleged RICO enterprise. It is irrelevant and prejudicial for the government to preface each reference to this alleged enterprise with Defendant Larry Householder's name. The defendants never used this term. Instead, the term is a fiction created by the prosecution to prejudice Householder and link him to alleged activities that he did not engage in. Courts strike surplusage from an indictment when it is irrelevant and prejudicial. Both are present here. As other courts have done, the Court should strike this made-up term—"Householder's Enterprise"—from the Indictment. Alternatively, the Court should not show the Indictment to the jury given the Indictment's repeated use of an irrelevant and prejudicial term.

**II.     LEGAL STANDARD**

"Upon the defendant's motion, the court may strike surplusage from the indictment[.]" Fed. R. Crim. P. 7(d). "The Rule is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). As the Advisory Committee's notes to Rule 7(d) explain, "[t]his rule

1

2

introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7 advisory committee note. To this end, courts will strike irrelevant and highly prejudicial surplusage from an indictment. *E.g.*, *United States v. Hofstetter*, No. 3:15-CR-27-TAV-DCP, 2019 WL 4232294, at *8-*9 (E.D. Tenn. Aug. 9, 2019). "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001).

### III. ARGUMENT

**A.** The Court should strike the Indictment's repeated references to "Householder's Enterprise." In the very first paragraph of the Indictment, the government defines the alleged RICO enterprise as "Householder's Enterprise," (Indictment ¶ 1), and proceeds to use that term 171 times throughout the charging document. This tactic obscures who actually did what and unfairly puts Householder's name to a range of actions that he never took. For example, the Indictment alleges that "Householder's Enterprise laundered at least $1,000,000 from GENERATION NOW through PAC" (Indictment ¶ 15) and that "Householder's Enterprise transferred at least $14.9 million in Company-A-to-GENERATION-NOW payments to other LONGSTRETH-controlled accounts" (Indictment ¶ 79).

The repeated references to "Householder's Enterprise" are legally irrelevant and prejudicial. Although the Indictment seeks to allege the existence of a RICO enterprise among the defendants, it is irrelevant and prejudicial to this charge to preface each reference to the alleged enterprise with Householder's name. *See United States v. Hazelwood*, No. 1:10 CR 150, 2011 WL 2565294, at *22 (N.D. Ohio June 27, 2011) (striking indictment's references to "Hazelwood Drug Trafficking Organization" and "Hazelwood DTO"); *United States v. Reyes*,

2

922 F. Supp. 818, 839 (S.D.N.Y. 1996) (striking indictment's references to the "Reyes Crew" in RICO case); *United States v. Greer*, Docket No. 2:95-CR-72-01, 1997 WL 82795, at *1 (D. Vt. Feb. 19, 1997) (striking indictment's references to "the Greer-Hutchins International Drug Conspiracy"). The term "Householder's Enterprise" is a made-up term by the prosecution that has no basis in fact.[1] All the term does is obscure the identity of the actors performing the alleged conduct and ascribes all criminal behavior to Householder. This tactic is improper, and the Court should strike the irrelevant and prejudicial references to "Householder's Enterprise."

*Reyes* and *Hazelwood* are all on fours. In *Reyes*, the district court, in a RICO case, considered the defendant Reyes's request to strike the term the "Reyes Crew" from the indictment. The court explained that this term is "both prejudicial and inflammatory" because "Reyes would face an insurmountable task in convincing the jury that he was not a member of the enterprise or conspiracy bearing his name." *Reyes*, 922 F. Supp. at 839. Even though the government sought to prove that Reyes was the leader of the alleged criminal enterprise, the district court found "the made-up term 'Reyes Crew' [ ] neither admissible nor relevant." *Id.* at 840. The *Hazelwood* court followed the *Reyes* court's reasoning. As in *Reyes*, the government sought to use the terms "Hazelwood Drug Trafficking Organization" and "Hazelwood DTO" to show that Hazelwood was the "lynchpin of the conspiracy." *Hazelwood*, 2011 WL 2565294 at *22. But the district court rejected that argument, and instead chose to follow the *Reyes* holding: "The terms 'Hazelwood Drug Trafficking Organization' and 'Hazelwood DTO' are similarly

---

[1] True, "where the members of the conspiracy themselves used the terms and descriptions set out in the indictment to describe the enterprise, those terms are relevant and form an improper basis for a motion to strike." *United States v. Ledbetter*, No. 2:15-CR-080, 2015 WL 5029249, at *1 (S.D. Ohio Aug. 26, 2015) (cleaned up). But there is no evidence—nor even any allegation—that the defendants here ever used the term "Householder's Enterprise." As in *Reyes* then, this "made-up term … is neither admissible nor relevant." 922 F. Supp. at 840.

3

{01578935-3}

irrelevant and prejudicial to Hazelwood. Therefore, the court hereby strikes all references to the 'Hazelwood Drug Trafficking Organization' and 'Hazelwood DTO' from the Indictment." *Id.*

The Court should do the same here. Like in *Hazelwood* and *Reyes*, the government seeks to use a made-up term to prove that Householder was the leader of the alleged enterprise. But just as that argument failed in those cases, it fails here too. The term "Householder's Enterprise" has no evidentiary value. The defendants never used it; it's a contrivance of the prosecution. It is thus, as in *Hazelwood* and *Reyes*, legally irrelevant to the charge. What's more, the term is prejudicial because Householder "face[s] an insurmountable task in convincing the jury that he was not a member of the enterprise or conspiracy bearing his name." *Reyes*, 922 F. Supp. at 839. The Court should strike this irrelevant and prejudicial term from the Indictment.

      **B.** Alternatively, the Court should not allow the jury to view or hear a reading of the Indictment but instead should present to the jury a summary of the offense charged.[2] *See United States v. Poulsen*, No. CR2-06-129, 2008 WL 4326461, at *8 (S.D. Ohio Sept. 22, 2008) (denying motion to strike surplusage because "the jury will never view the indictment"). After all, "[a]n indictment is not evidence, and thus is not relevant." *United States v. Watters*, No. 3:10CR4, 2010 WL 3369844, at *1 (N.D. Ohio Aug. 24, 2010). This makes all the more sense here given the numerous irrelevant and prejudicial allegations contained in the Indictment. *See United States v. Roy*, 473 F.3d 1232, 1237 n.2 (D.C. Cir. 2007) (submitting the indictment to the jury "often carries significant risks and has few corresponding benefits"); *United States v. Esso*, 684 F.3d 347, 351 n.5 (2d Cir. 2012) (stating that courts might not give the indictment to the jury where, as here, the indictment "contains a running narrative of the government's version of the facts of the case," and that "[i]n most cases, the judge's instructions regarding the issues to be

---

[2] Even if the Court grants the motion to strike, Householder reserves the right to object to the jury receiving a copy of the Indictment.

addressed by the jury and the elements of the offenses charged, which may include a reading of the legally effective portions of the indictment, will more than suffice to apprise the jury of the charges before them"). Accordingly, the Court should not allow the jury to view the Indictment and should instead simply present a summary of the offense to the jury.

## IV.  CONCLUSION

For these reasons, the Court should strike the references to "Householder's Enterprise" in the Indictment. Alternatively, the Court should not show the Indictment to the jury.

Dated: February 1, 2022                                  Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Ave.
Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
             mark@mareinandbradley.com

Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*