UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Timothy S. Black |
| v. | ) | |
| | ) | |
| LARRY HOUSEHOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF
DEFENDANT LARRY HOUSEHOLDER'S MOTION TO SEVER**

**I.     INTRODUCTION**

The Court should sever the trials of Defendants Larry Householder and Matthew Borges. They are misjoined in this case, and Householder will suffer prejudice if he is tried with Borges. The Court should thus sever Householder from Borges.

**II.    ARGUMENT**

**A.     Householder and Borges were not properly joined.**

The Court should look behind the government's allegations to decide if Householder and Borges are properly joined. True, the government alleges a single RICO conspiracy charge against both. But in actuality, the government alleges two different conspiracies: one involving Householder and another involving Borges. And joinder is improper unless a multi-scheme indictment, like the one here, alleges "that [each] defendant knew of or participated in the schemes other than the one with which he was charged." *United States v. Kouzmine*, 921 F. Supp. 1131, 1133 (S.D.N.Y. 1996); *see also United States v. Rajaratnam*, 753 F. Supp. 2d 299, 309 (S.D.N.Y. 2010). Trying Householder and Borges together is improper. The Court should thus sever their trials.

1

### B. Householder suffers prejudice if he is tried with Borges.

The government does not dispute that it will attempt to introduce Borges's proffer-protected statements if Borges takes positions at trial inconsistent with his statements. Nor does the government dispute that Borges implicated Householder in those statements. (*See* Opp. at 2542-44[1]). The government, however, claims that Householder will suffer no prejudice because it will redact the statements.[2] But the Confrontation Clause is violated if a redacted confession "refers directly to the 'existence' of the nonconfessing defendant." *Gray v. Maryland*, 523 U.S. 185, 192 (1998). And this is so if the redacted confession will allow the jury to infer the confession referred to the defendant. *See Stanford v. Parker*, 266 F.3d 442, 456 (6th Cir. 2001).

For this reason, Householder will suffer prejudice if he is tried with Borges. *See United States v. McLaughlin*, No. 3:CR-12-0179, 2013 U.S. Dist. LEXIS 34390, at *24 (M.D. Pa. Mar. 13, 2013) (granting motion to sever).

Lastly, Householder agrees that a *Bruton* issue only arises if Borges does not testify. But neither Householder nor the Court will know whether Borges will decide to do so until after the government puts on its case-in-chief and introduces the proffer-protected statements. *See United States v. Wainwright*, 89 F. Supp. 3d 950, 959 (S.D. Ohio 2015) (holding that government could introduce proffer-protected statements during its case-in-chief). By then, the ship will have sailed. *See McLaughlin*, 2013 U.S. Dist. LEXIS 34390, at *26.

The Court should sever Householder's and Borges's trials.

---

[1] All page number references are to the page identification number generated by the Court's electronic filing system.

[2] As Householder pointed out in his motion, the government has not produced Borges's statements to Householder. If the Court thinks the record is unclear regarding whether Householder suffers prejudice at a joint trial, the Court should order the government to produce those statements to the Court and Householder.

C. **COVID-19 also mitigates in favor of severance.**

Householder agrees that predicting the state of the pandemic months from now is difficult to do. Yet, experience over the last few years has taught us something: the "present COVID-19 pandemic has made it impractical and unsafe to hold a joint jury trial." *United States v. Furness*, No. 3:19-cr-098 (4), 2021 U.S. Dist. LEXIS 35136, at *4 (S.D. Ohio Feb. 25, 2021) (granting motion to sever). Although Householder does not suggest that the Court should not hold ***any*** joint jury trials, he suggests that the circumstances of this case (a 6-8 week jury trial, with scores of witnesses, multiple defense teams, and intense media attention and coverage) warrant severance in light of the pandemic.

### III. CONCLUSION

For these reasons, the Court should sever Householder's trial from Borges's trial.

Dated: March 8, 2022

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue
Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
mark@mareinandbradley.com

Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

3

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on March 8, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
