UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-77 |
| | : | |
| | : | JUDGE TIMOTHY BLACK |
| v. | : | |
| | : | **MOTION *IN LIMINE*** |
| | : | **TO PRECLUDE REFERENCES TO** |
| LARRY HOUSEHOLDER, et al., | : | **AND COMMENTS REGARDING** |
| | : | **DISCOVERY IN THE PRESENCE OF** |
| Defendants. | : | **THE JURY** |
| | : | |

The United States submits this Motion *in Limine* to preclude defense counsel and the defendants from referring to or making comments regarding discovery in front of the jury for the reasons stated below.

Discovery disputes often arise between parties pretrial or during trial. However, none of these disputes have any place in front of the jury. Accordingly, the government respectfully moves to preclude counsel from referring to discovery in any way or otherwise commenting on discovery matters, in the presence of the jury. This request extends to the defendants, should they testify. That is to say, the defendants should be precluded from testifying that they requested certain information from the government or did not receive certain information.

First, such requests and/or comments have nothing to do with the defendants' guilt or innocence, and as such, they simply are not matters for the jury. *See* Fed. R. Evid. 401; *Thompson v. Glenmede Trust Co.*, 1996 WL 529693, *2 (E.D.Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial."). Second, such requests or comments may create

1

the misimpression that one side has suppressed information as a means of seeking an unfair advantage.  And, the only way to correct this misimpression is by issuing an-after-the-fact curative instruction to ameliorate any prejudice.[1]  Third, it puts the opposing party in the position of having to object to the testimony in front of the jury, thereby possible exacerbating the unfair impression.  Rather than addressing the issue retroactively, the government suggests clarifying the procedure pretrial to minimize these issues in the presence of the jury.

Accordingly, the government moves for an order precluding the parties from referencing or making comments relating to discovery in the presence of the jury.  The government believes it is a fair and sensible procedure to employ here.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

/s/ *Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

---

[1] This is because the U.S. Attorney's Office provides discovery and such comments and/or requests turn the prosecutors into witnesses.  In other words, there is no witness who could fix the misimpression.

2

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion *in Limine* was filed electronically this 9th day of November, 2022, and served upon all counsel of record via the Court's CM/ECF system.

                                      *s/Emily N. Glatfelter*
                                      EMILY N. GLATFELTER (0075576)
                                      Assistant United States Attorney