UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-77 |
| | : | |
| | : | JUDGE TIMOTHY BLACK |
| v. | : | |
| | : | **MOTION *IN LIMINE* TO PRECLUDE** |
| | : | **REFERENCES TO AND COMMENTS** |
| LARRY HOUSEHOLDER, et al., | : | **REGARDING STATEMENTS BY** |
| | : | **GOVERNMENT ATTORNEYS** |
| Defendants. | : | **RELATING TO THIS CASE** |
| | : | |

The United States submits this Motion *in Limine* to preclude defense counsel and the defendants from referencing or making comments in front of the jury regarding pretrial statements by the government.

Defendant Matthew Borges has made a number of representations to the media and on his website relating to post-charge communication made by the government, including statements by government attorneys through correspondence with Borges' counsel and in plea negotiations, and statements made by former U.S. Attorney David Devillers.  These pretrial statements are inadmissible and both the defense and the defendants should be precluded from referencing any such statements in front of the jury.

1. **Communications Involving Counsel and the Government**

After the Indictment in this case, Borges and his counsel met with the government a number of times in an attempt to resolve the matter through a plea.  This included a reverse proffer where government attorneys presented certain evidence relevant to the case and four separate proffers of information by Borges to government attorneys and agents.  These meetings led to follow-up communications between the government and Borges' counsel.  Following these communications

1

and the inability to reach a plea, Borges began making personal attacks against government attorneys and the FBI case agent.

None of this communication should be referenced at trial – by defense counsel or by Borges, should he testify. Any statements made by the government to Borges or his counsel during these meetings and related plea discussions are irrelevant to any fact of consequence at trial— indeed they have no probative value at all regarding Borges' guilt or innocence. *See* Fed. R. Evid. 401; *United States v. Pena*, No. 20-CR-01903 MV, 2022 WL 1102455, at *1 (D.N.M. Apr. 12, 2022) (excluding plea negotiations because "[w]hether the government extended a plea offer to Mr. Pena is irrelevant to the issues the jury will be called upon to decide"); *United States v. Fell*, 372 F. Supp. 2d 773, 783–84 (D. Vt. 2005), *aff'd*, 531 F.3d 197 (2d Cir. 2008) (same). As the Court will instruct the jury, evidence will come through witnesses testifying under oath and admissible exhibits relating to the racketeering enterprise charged in the Indictment, not statements or arguments by lawyers. *See* Sixth Cir. Pattern Inst. 1.04. Further, any statements made by the government that are offered by the defendant at trial for the truth of the statement constitute impermissible hearsay. Fed. R. Evid. 801(c). More importantly, Government prosecutors also will not be testifying as witnesses at trial, and, to the extent the defense or the defendant attempts to reference in any way these communications or further these personal attacks at trial, the government has no way to respond, which is fundamentally unfair. *See* Fed. R. Evid. 403.

The Court should thus preclude the defense or the defendant should he testify from referencing in any way statements by the government to Borges and his counsel.[1]

---

[1] The same is not true for Borges' statements to the government during proffer meetings. Statements made by a defendant during plea negotiations are generally inadmissible. *See* Fed. R. Evid. 410; Fed. R. Crim. P. 11(f). But a defendant can waive these protections. *United States v. Shannon*, 803 F.3d 778, 783 (6th Cir. 2015). Here, Borges signed a proffer agreement that "waives any argument that proffer information is governed by Federal Rule of Procedure 11(f) or Federal Rule of Evidence 410" and "also waives any argument to suppress the proffer information." The

2

**2. Statements by Former U.S. Attorney DeVillers**

On his website, Borges claimed that former U.S. Attorney DeVillers made false statements and took other actions relating to this case, including statements during press conferences and media statements after the charge in this case was unsealed. He makes these assertions on his website to support his belief that DeVillers and others were furthering a scheme to enact revenge on Borges through the charge in the Indictment.

Like the statements referenced above, comments to the press discussing the charge in this case are entirely irrelevant—they have no bearing on the actual evidence that will be presented at trial. Fed. R. Evid. 401. What matters for the jury is the evidence before them, not the characterizations (whether correct or not) of that evidence or the law by the then-U.S. Attorney. *See United States v. Sittenfeld*, No. 1:20-CR-142, 2022 WL 2192955, at *16 (S.D. Ohio June 17, 2022) (excluding prosecutor's statements at press conference because "[t]he statements at the press conference are not evidence; indeed, the allegations in the Indictment itself are not evidence.").

Further, any suggestion by Borges or his counsel that the charge against Borges was somehow politically motivated is improper. Borges may not pursue a selective prosecution claim at trial. *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006). Such a claim must be presented through a pretrial motion under Federal Rule of Criminal Procedure 12, but Borges has not done so—and for good reason, because it would fail. And, for the reasons set forth more fully in the government's Motion *in Limine* precluding jury nullification arguments, Borges may not be permitted to backdoor this argument through suggestion or inference at trial, by referencing action

---

proffer agreement allows the government to use proffer information provided by Borges where, among other things, Borges subsequently takes a position inconsistent with proffer information, or where Borges lied, made intentional misstatements, or withheld information during the proffer. The government will alert the Court outside the presence of the jury before mentioning or using any proffer information at trial.

by the former U.S. Attorney or otherwise. (*See* Gov. Mot. to Preclude Jury Nullification at 2–6.)

For these reasons, the Court should grant the government's motion.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

/s/ *Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)
EMILY N. GLATFELTER (0075576)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion *in Limine* was filed electronically this 9th day of November, 2022, and served upon all counsel of record via the Court's CM/ECF system.

/s/ *Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorney
