# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-77 |
| | : | |
| | : | JUDGE TIMOTHY BLACK |
| v. | : | |
| | : | **REPLY IN SUPPORT OF** |
| | : | **MOTION *IN LIMINE* TO PRECLUDE** |
| LARRY HOUSEHOLDER, et al., | : | **ARGUMENT AND EVIDENCE** |
| | : | **SUPPORTING JURY** |
| Defendants. | : | **NULLIFICATION** |
| | : | |

The defendants' responses demonstrate why the United States' raised these issues pretrial. The defendants plainly intend to introduce improper evidence and argument. The Court should prohibit them from doing so.[1]

**A. Selective prosecution arguments are made to the Court, not the jury.**

Defendants are permitted to allege selective prosecution and government misconduct – but these claims are made to the Court, pretrial, not the jury. (Doc. 138, PageID 3761-63.) That is because such claims are not a defense to the merits of the charge – whether the defendant is guilty or innocent – but rather a claim that the prosecution is defective. (*Id.* at 3762.)

While Borges's response claims that he will not argue selective prosecution to the jury (Doc. 152 at PageID 3869), two pages later he makes clear that he will. (*Id*. at PageID 3871 (indicating he intends to ask enforcement witnesses about the motivation for the investigation).)

---

[1] The defendants' complaint that the United States' motion seeks to exclude broad categories of evidence and argument is meritless. The United States seeks only to exclude specific improper and inadmissible evidence.

1

This is precisely what the law prohibits.² (*See* Doc. 138 at PageID 3763 (listing cases).)

Borges' and Householders' argument that granting the United States' motion will undercut their ability to explore witness bias has been rejected by the Sixth Circuit. *See, e.g., United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) (cautioning against "conflat[ing] the concepts of witness bias and selective prosecution" and upholding district court's preclusion of evidence of selective prosecution at trial); *United States v. Simpson*, 226 F. App'x 556, 562 (6th Cir. 2007) (rejecting defendant's argument that "his inability to question [witness] about the alleged vindictive prosecution denied [him] the opportunity for effective cross-examination" because a claim of prosecutorial vindictiveness is "distinct from any bias that may have been used to impeach [the witness's] testimony").

In making this argument, Borges and Householder are conflating individual witness bias with institutional bias. In other words, it is undisputed that the defendant may attempt to elicit testimony and present argument on bias — *i.e.*, that government witnesses are motivated to slant their testimony — to the extent they can articulate a proper and good faith basis in support. But what the defendants cannot do is attempt to show that the prosecution or investigation *itself* was biased — *i.e.*, that it was an abuse of power, or included untoward or unfair investigative techniques. "Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation." *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998); *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (affirming exclusion of attacks on investigation as irrelevant because "the jury would not be

---

² Secondary to this issue is that Borges' claim about the motivations of members of the prosecution team is unsupported and entirely baseless. It is likely for this reason that Borges does not file a pretrial motion challenging the prosecution on these grounds, as the law requires.

called upon to determine whether the government's investigation had been good or bad"). Courts exclude evidence relating to the adequacy of the investigation as a "tangential issue that could confuse the jury." *United States v. Estell*, 641 F. App'x 552, 556 (7th Cir. 2016); *United States v. Robbins*, 197 F.3d 829, 845 (7th Cir. 1999); *United States v. Patrick*, 248 F.3d 11, 23 (1st Cir. 2001).[3] For these reasons, the Court should preclude Borges and Householder from making claims or eliciting evidence sounding in selective prosecution, such as institutional bias, to the jury. If the defendants want to make these claims, they must make them to the Court.

**B. The Court should preclude evidence about the conduct of other politicians.**

Householder's response states that he wants to present evidence "about what is permissible – what is ordinary – so the jury can judge whether the government presented evidence of 'something more' to turn political contributions into bribers." In other words, he wants the jury to decide his guilt or innocence not based on the Court's instructions, but by comparison to others. This is impermissible, and the Court should preclude it.[4]

As the government has established in prior briefing, *the Court alone* instructs the jury "what is permissible" and not permissible under the law. Here, the Court will instruct the jury that

---

[3] True, courts have held that in situations where evidence pertaining to the investigation is relevant to a specific piece of evidence, such evidence may be admissible. For example, the absence of fingerprints may be relevant to whether a defendant handled evidence. *See United States v. Poindexter*, 942 F.2d 354, 359-60 (6th Cir. 1991); *Patrick*, 248 F.3d at 22–23. But that is not the case here. The jury will decide the defendants' intent based on their recorded interactions, recorded communications, business records and testimony from witnesses who interacted with the defendants, making evidence relating to the adequacy of the investigation irrelevant. *See Robbins*, 197 F.3d at 845 (affirming district court's finding that "the jury makes its decision based on evidence actually presented rather than . . . speculation about the possible existence of other evidence that might have been developed if the investigation had been carried out in some other way.").

[4] Evidence about what others did on unrelated occasions is irrelevant, misleading, constitutes a backdoor selective prosecution arguments, and functions as a proxy for a defendant's own testimony about his intent. The United States has previously explained in detail why these arguments are improper. (Doc. 129 at PageID 33587-89).

the "*something*" that separates legal campaigning and bribery is an explicit *quid pro quo*—an "agreement between the official and the donor" to exchange something of value for official action. *United States v. Inman*, 39 F.4th 357, 368 (6th Cir. 2022) (emphasis in original); *United States v. Terry*, 707 F.3d 607, 613 (6th Cir. 2013) ("What is needed is an agreement, full stop, which can be formal or informal, written or oral."). This shows a bribery agreement based on more than just "a public official accepts a contribution and later takes an action that benefits a donor." *Terry*, 707 F.3d at 615 (campaign contribution bribery cannot be inferred based "solely" on a contribution and later action). And, in assessing whether an explicit *quid pro quo* is established, *the jury alone* must assess a defendant's "intent to exchange official acts for contributions . . . based on [the defendant's] words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them." *Id*. at 614.

C. **First Amendment.**

For the same reason, Householder should be precluded from presenting a First Amendment defense outside of the law instructed by the Court. Householder's response brief appears to recognize that the only "legal context" through which the jury should "analyze the evidence" is this Court's jury instructions. (Doc. 150, PageID 3858–59.) But this appears inconsistent with the evidence he intends to offer at trial, including possible testimony by Caleb Burns. (*See* Doc. 133, PageID 3730.) For this reason, the government's motion seeks an order from the Court precluding Householder from presenting any argument or evidence relating to the First Amendment outside of law set forth in the Court's instructions.

D. **Good Act evidence is inadmissible.**

To be clear, the United States' motion does not seek to preclude the defendants from presenting a defense or from arguing that the $60 million Company A deposited into Generation

4

Now were not bribe payments.  Rather, the motion seeks only to preclude irrelevant evidence -- specific instances of law-abiding conduct unrelated to the conduct charged in the Indictment.

In their respective responses in opposition, the defendants do not seriously grapple with the caselaw cited in the United States' motion or the Rules of Evidence – both of which prohibit the introduction of such evidence.  According to caselaw and the Federal Rules of Evidence, while the defendants may introduce *character* evidence, they are limited to "testimony about the [defendant's] reputation" or by "testimony in the form of an opinion" about a pertinent trait such as law abidingness — not evidence of the defendant's specific purported or prior good acts.  *See* Fed. R. Evid. 405(a).  Neither defendant acknowledges this limitation in his response.

An analysis of the Federal Rules of Evidence begins with Rule 404(a), which provides that evidence of a person's character is generally not admissible to prove that on a particular occasion the person acted in accordance with that character.  Rule 404(a)(2)(A) establishes an exception to this rule, permitting a criminal defendant to introduce evidence of a "*pertinent*" character trait (which the prosecution may rebut) in order to support an inference that the defendant would not have committed the charged crimes. "Pertinence" is generally defined as relevance, meaning that the offered trait must have some tendency to prove or disprove an element of the offense charged or of a claimed defense.  *See, e.g.*, *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002).  Courts have found that law-abidingness is a pertinent trait to almost all criminal violations.  *E.g.*, *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003) (citing *United States v. Daily*, 921 F.2d 994, 1010 (10th Cir. 1990) and *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981)).

Yet in recognition of the confusion, unfair prejudice, and substantial delay that would result if defendants were permitted to introduce evidence of each of their purported good acts, the rules of evidence place important constraints on a defendant's introduction of *pertinent* character trait

5

evidence, such as law abidingness. Rule 405 requires that a criminal defendant attempt to prove good character *only* through "testimony about the [defendant's] reputation" or by "testimony in the form of an opinion" — not evidence of the defendant's specific purported good acts. *See* Fed. R. Evid. 405(a). Indeed, the *single, narrow exception* to this prohibition on the introduction of specific purported good acts is when a defendant's "character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). This is because, as the advisory committee notes to Rule 405 observe, "evidence of specific instances of conduct . . . possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time" and should only be introduced when "character is, in the strict sense, in issue."

The category of cases for which a defendant's "character or character trait is an essential element of a charge, claim, or defense," is very narrow, and not applicable here. *See* 1 McCormick On Evid. § 187 (7th ed.) (collecting cases and noting that specific instances of conduct are only admissible in the "unusual situation in which an offense, claim, or defense for which character is an essential element is pled," such as an action for defamation or negligence). "[I]n determining whether evidence of [the defendant's] character was an 'essential element' of this defense, 'the relevant question should be: would proof, or failure of proof, of the character trait *by itself* actually satisfy an element of the charge, claim, or defense?'" *United States* v. *Clark*, 377 F. App'x 451, 460 (6th Cir. 2010) (quoting *United States* v. *Keiser,* 57 F.3d 847, 856 (9th Cir. 1995)) (emphasis added). For this reason, character is rarely an element of a charge in a criminal case. S*ee* Mueller & Kirkpatrick, 2 *Federal Evidence* § 4.44 (4th ed. 2013) ("Almost *never* is character an 'element' of a charge or defense in criminal cases") (emphasis in original); *accord* Wright & Miller, Federal Practice and Procedure, 22B Fed. Prac. & Proc. Evid. § 5267 (2d. ed. 2018).

Ignoring these limitations, Borges' response indicates he intends to introduce prior acts of

6

generosity. (Doc. 152 at PageID 3872-73.) Using prior acts to prove Borges was a generous person is exactly what Rule 404(b) forbids. *United States v. Dimora*, 750 F.3d, 619, 630 (6th Cir. 2014 (affirming district court's exclusion of prior act evidence in bribery case; noting "[f]or the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes.").

Moreover, Borges cites no case law supporting "generosity" as a pertinent character trait of the RICO charge here, which would qualify it as an exception under Rule 404(a). But, even if it were, Borges would be limited to introducing reputation and opinion evidence about generosity; he could not introduce prior unrelated acts. His reliance on *United States v. Yarborough*, 527 F.3d 1092, 1102 (10th Cir. 2008) is misplaced. In that case, a defendant sought to admit evidence of law abidingness through character witnesses offering reputation and opinion testimony. *Id.* at 1101-02. The district court excluded the evidence, which the appeals court found was in error. *Id.* Thus, *Yarborough*, supports the proposition that Borges could offer reputational and opinion evidence of law abidingness, not that he could introduce prior acts of generosity.

Householder similarly skips Rule 405(a)'s limitations and argues that he may introduce other prior good acts evidence because the grand jury charged a continuous scheme and/or ceaseless activity. (Doc. 150, PageID 3859.) Contrary to Householder's assertion, the Indictment does not charge him with a "ceaseless" crime; rather it charges him with conspiring to commit Racketeering. The Indictment does not charge that every action Householder took was criminal; rather it charges him with agreeing that conspirators would engage in two or more specific racketeering acts. Indeed, under these circumstances, the Sixth Circuit has rejected the argument that Householder makes here, and has affirmed the exclusion of unrelated good act evidence, explaining, "[the defendant's] evidence about acts with no connection to these agreements tells us

7

nothing relevant about his case." *See United States v. Dimora*, 750 F.3d 619, 631 (6th Cir. 2014) (affirming district court's exclusion of "good act" evidence in RICO conspiracy case involving bribery scheme; noting that while the trial uncovered a "deep-seated bribery conspiracy," "the government built its case on agreements between Dimora and a closed circle of bribers.").

In accordance with the United States' motion, the Court should limit the defendants' character evidence to reputation and opinion evidence about pertinent character traits. In their responses, both defendants have made vague statements about specific act evidence they may seek to introduce. If either defendant still wishes to attempt to admit specific acts of conduct, the Court should require the defendants to proffer such evidence so that the government can fully address the admissibility of such evidence and the Court can evaluate the proposed evidence and arguments outside the presence of the jury.

## CONCLUSION

For the reasons outlined, this Court should grant the motion to preclude the defendants from arguing, presenting evidence, or pursuing lines of inquiry designed to elicit jury nullification.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*/s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

8

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Reply was filed electronically this 5th day of December 2022, and served upon all counsel of record via the Court's CM/ECF system.

*s/Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney
