UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-77 |
| | : | |
| | : | JUDGE TIMOTHY BLACK |
| v. | : | |
| | : | **REPLY IN SUPPORT OF** |
| | : | **MOTION *IN LIMINE*** |
| LARRY HOUSEHOLDER, et al., | : | **TO PRECLUDE REFERENCES TO** |
| | : | **AND COMMENTS REGARDING** |
| Defendants. | : | **DISCOVERY IN THE PRESENCE OF** |
| | : | **THE JURY** |

Through its Motion *In Limine* (Doc. 137), the United States simply seeks an order precluding the parties (counsel and the defendants) from referencing the discovery process in the presence of the jury. Notably, the United States is not seeking to exclude any evidence, here, but argument and statements about the discovery process – which are not issues for the jury. (*See* Doc. 137, PageID 3756-3757.) The motion is relevant because Defendant Borges has filed motions to compel discovery and disclosure of grand jury material (Doc. 92, 93), which the Court has denied. (Doc. 102, 103.)

Defendant Borges does not oppose the instant motion *in limine* – rather, he submits it is moot. (Doc. 147.) Defendant Householder appears to agree with the United States' general argument, but opposes the motion because "motions *in limine* should rarely be employed."[1] (Doc. 149, PageID 3850.) Addressing the concerns raised in the Defendants' responses, the motion *in limine* sought by the United States does not prevent the defendants from asking questions about what evidence was gathered or not gathered during the investigation.

While the United States appreciates the responses from defense counsel, the Court should

---

[1] Defendant Householder has filed three motions *in limine* to exclude *evidence*.

1

grant the United States' motion rather than declare the motion moot. If defense counsel are not planning to refer to the discovery process in the presence of the jury, such an order would be of no moment to them. However, it protects the jury from hearing irrelevant information and prevents the attorneys from becoming witnesses before the jury. In addition, such an order would also apply to the defendants, and preclude the defendants from referring to the discovery process should they testify.[2]

Accordingly, the United States requests the Court grant its motion and preclude the parties (including defendants) from referencing or making comments relating to discovery in the presence of the jury. The government believes it is a fair and sensible procedure to employ.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

/s/ *Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

---

[2] Defendant Householder questions "what[] that means" to preclude "referring to or making comments regarding discovery" at trial. (Doc. 149, PageID 3850.) In a recent public corruption trial in this Court, the Court denied as moot the government's motion to preclude references to discovery at trial after the defendant responded that it had no intention of introducing such evidence or argument. The defendant in that case then took the stand at trial and on cross-examination specifically referenced the fact that he had sought but not received certain discovery from the government—discovery the Court had previously *ordered* that he was not entitled to receive. Thus, the defendant's testimony created the misimpression that the government suppressed information to gain an unfair advantage. The government was in a no-win position. An objection to the defendant's testimony would be perceived as the government attempting to prevent the jury from hearing about the alleged failure to produce such evidence, further compounding the misimpression, despite the Court's prior ruling. An order precluding references to discovery here would prevent this type of situation in this trial.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Reply was filed electronically this 5th day of December, 2022, and served upon all counsel of record via the Court's CM/ECF system.

                                                      *s/Emily N. Glatfelter*
                                                      EMILY N. GLATFELTER (0075576)
                                                      Assistant United States Attorney