**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **REPLY IN SUPPORT OF DEFENDANT** |
| | ) | **LARRY HOUSEHOLDER'S MOTION** |
| LARRY HOUSEHOLDER, | ) | *IN LIMINE* **TO EXCLUDE CERTAIN** |
| | ) | **ALLEGED CO-CONSPIRATOR** |
| Defendant. | ) | **HEARSAY** |

The government cannot get its story straight. According to the government, Neil Clark's statements to the UCEs were either in furtherance of the alleged bribery scheme to pass HB 6, in furtherance of uncharged racketeering acts, or in furtherance of some other bribery scheme.[1] But the government has failed to show that these statements were in furtherance of any conspiracy—or at least one that Defendant Larry Householder joined.

Start with whether Clark's statements furthered some conspiracy. The government says that Clark's communications furthered the payment of bribe monies from the UCEs to the Defendants. (Doc. 144 at 3823-24). But simply calling payments bribes does not make them so.

---

[1] In a footnote, the government also suggests that Clark's statements might be admissible as an admission by a party opponent's agent or employee under Rule 801(d)(2)(C), (D). (Doc. 144 at 3821 n.7). The only authority the government cites for this argument is *United States v. Faymore*, 736 F.2d 328, 335 (6th Cir. 1984), in which the defendant affirmatively adopted the out-of-court statement. Householder never adopted Clark's statements, making *Faymore* irrelevant.

In any event, the government has not come close to showing, under general agency law principles, that Clark was Householder's agent. *See United States v. Bonds*, 608 F.3d 495, 504 (9th Cir. 2010) (instructing that a district court must "undertake a fact-based inquiry applying common law principles of agency"). Although Clark described himself as Householder's "proxy," there is no evidence that Householder understood the scope of this alleged agency relationship. *See Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("[u]nder Fed. R. Evid. 801(d)(2)(D), a statement is not hearsay if it is offered against a party and is 'a statement by the party's agent or servant *concerning a matter within the scope of the agency or employment*, made during the existence of the relationship.'"). "To form an agency relationship, both the principal and the agent must manifest assent to the principal's right to control the agent." *United States v. Holmes*, No. 5:18-cr-00258-EJD-1, 2021 U.S. Dist. LEXIS 98060, at *174 (N.D. Cal. May 21, 2021). The government lacks any evidence that the principal—Householder—manifested assent of his right to control Clark.

1

In the context of political contributions, the government must prove an explicit quid pro quo; that is, that "payments are made in return for an *explicit* promise or undertaking by the official to perform or not to perform an official act" and the official agrees that "his official conduct will be controlled by the terms of the promise or the undertaking." *McCormick v. United States*, 500 U.S. 257, 273 (1991) (emphasis added). The government does not proffer any evidence that Householder (or even Clark) understood that any payments the UCEs might have made were in return for an explicit promise by Householder to perform a specific official action. Absent that kind of proof, the government cannot show that Clark's statements furthered the payment of bribe monies.

The government's argument that it may introduce Clark's statements that Householder was "pay to play" and that "he went to war for [FirstEnergy]" is a non-starter. As in *United States v. Warman*, this kind of casual conversation and braggadocio cannot be in furtherance of a conspiracy. 578 F.3d 320, 339 (6th Cir. 2009). In *Warman*, the Sixth Circuit held that the district court improperly admitted out-of-court statements from two witnesses who testified that they were told that "his partner was [the defendant]" and that "he and [the defendant] had gone to the Gulf to make a drug connection." *Id.* Although these statements identified the co-conspirators and their roles in the alleged conspiracy—as the government argues here—the Sixth Circuit held the admission of these statements was error because the government failed to show that the declarant made these statements with the intention to induce the other party to participate in the conspiracy. This is because "[t]o be in furtherance of the conspiracy, a statement must be more than 'a merely narrative' description by one co-conspirator of the acts of another.*" United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 88 (2d Cir. 1999). "Mere idle chatter or casual conversation about past events is not considered a statement in furtherance of the conspiracy."

*United States v. Darwich*, 337 F.3d 645, 657 (6th Cir. 2003) (cleaned up). "Rather, the statements must be such as to prompt the listener … to respond in a way that promotes or facilitates the carrying out of a criminal activity." *United States v. Maldonado-Rivera*, 922 F.2d 934, 958 (2d Cir. 1990).

As in *Warman*, Clark's statements did not further any joint criminal activity. Instead, he simply provided a description to the UCEs of his perception of Householder's alleged actions. Under the Sixth Circuit's caselaw, that is not a statement in furtherance of a conspiracy. *See Darwich*, 337 F.3d at 657.

Finally, although the conspiracy does not need to be the conspiracy charged in the indictment to be admissible under Rule 801(d)(2)(E), the government must show that the defendant joined that conspiracy. As Householder explained, the indictment's focus here is on payments received from FirstEnergy to advance nuclear energy legislation—not payments from UCEs to advance sports betting legislation. To be sure, the government alleges, in largely cursory fashion, that the object of the conspiracy generally included receiving bribe payments— from unnamed third parties. (*See* Doc. 144 at 3825) (citing Indictment ¶¶ 32-33, 35-40). This is why "the requirement that an agreement existed to achieve some end provides an important limiting principle." *United States v. Musaibli*, 42 F.4th 603, 618 (6th Cir. 2022). Otherwise, the government could define the scope of the conspiracy so broadly—to receive bribe payments— that it would sweep virtually any statements into evidence. Which is exactly what the government seeks to do here.

At bottom, the government has presented evidence of two alleged conspiracies—one to advance nuclear energy legislation and one to advance sports betting legislation. While some members of the alleged conspiracies overlapped (*e.g.*, Clark), the government cannot show that

{01800106-1}

Householder joined any bribery conspiracy to pass sports betting legislation. And the government's reliance on Clark's hearsay statements about his conversations with Householder cannot bridge this evidentiary gap. This is because "when a RICO conspiracy is charged, the defendant must be linked to an individual predicate act by more than hearsay alone before a statement related to that act is admissible against the defendant under Rule 801(d)(2)(E)." *United States v. Gigante*, 166 F.3d 75, 82-83 (2d Cir. 1999). The government here contends that Clark's conduct with the UCEs is a predicate act, so the government needs more than hearsay alone to admit Clark's statements. But that's all the government has.

The Court should grant Householder's motion.

Dated: December 5, 2022

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
       nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

5

**CERTIFICATE OF SERVICE**

    I certify that the foregoing was electronically filed on December 5, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                           */s/ Steven L. Bradley*
                                           Steven L. Bradley (0046622)