# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> LARRY HOUSEHOLDER, et al., <br> Defendants. | CASE NO. 1:20-CR-77 <br><br> JUDGE BLACK <br><br> **GOVERNMENT RESPONSE TO DEFENDANT HOUSEHOLDER'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTIONN TO DISMISS** |

The out-of-circuit district court authority submitted by Defendant Householder is contrary to settled Sixth Circuit law.  (Doc. 159, PageID 3909.)  As the district court for the Southern District of New York recognized in its decision, the opinion was based on its application of Second Circuit law, which is in conflict with Sixth Circuit authority, namely, *United States v. Blandford*, 33 F.3d 685, 696 (6th Cir. 1994).  *See United States v. Benjamin*, 21-CR-706, 2022 WL 17417038, at *8 n.6 (S.D.N.Y. Dec. 5, 2022) (citing *Blandford* among the courts that view the law differently than the Second Circuit); *see id*. at *15 (citing *Blandford* among "lines of authority . . . in conflict with the relevant guidance from the Second Circuit").  Unlike *Benjamin's* application of Second Circuit precedent, the Sixth Circuit is clear that the Supreme Court's decision in *Evans* applies to campaign contribution cases; and, under *Evans*, "knowing the payment was made in return for official acts is enough."  *Blandford*, 33 F.3d at 696; *see also United States v. Terry*, 707 F.3d 607, 614 (6th Cir. 2013) (affirming campaign contribution bribery conviction because defendant "agreed to accept things of value in exchange for official acts").  This is set forth fully in the government's response in opposition to Householder's motion to dismiss, (Doc. 112, PageID 2561–64 (citing *Blandford*, *Terry*, and others in support)), and is consistent with the other case cited as supplemental authority in Householder's notice, *United States v. Donagher*, 520 F.

Supp. 3d 1034, 1045 (N.D. Ill. 2021) (citing *Blandford* to show knowing receipt of campaign contribution "in return for" official acts is bribery and dismissing indictment because it did not include explicit *quid pro quo* language "or words of similar import . . . such as 'in exchange for'").

The *Benjamin* decision therefore has no persuasive authority in this Circuit.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
Email:  Matthew.Singer@usdoj.gov
E-mail: Emily.Glatfelter@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 7th day of December 2022, which provides electronic notice to all parties.

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney
