# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-77 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| LARRY HOUSEHOLDER (1) | : | |
| MATTHEW BORGES (4), | : | |
| | : | |
| Defendants. | : | |

## FINAL PRETRIAL ORDER

This criminal case came before the Court on January 11, 2023 at 2:00 p.m. for a Final Pretrial Conference. Attorneys Emily Glatfelter, Megan Gaffney Painter, Steven Bradley, Nicholas Oleski, Karl Schneider, and Todd Long participated.[1]

## TRIAL

The case is scheduled to proceed with *voir dire* on January 20, 2023 at 9:30 a.m., and jury trial on January 23, 2023 at 10:00 a.m., in Courtroom #1, Room 805.[2]

## CHARGE

Count 1: RICO Conspiracy, 18 U.S.C. § 1962(d)

---

[1] Attorneys Matthew Singer, Mark Marein, and Robert Glickman were excused from participating. *See* Judge Black's Criminal Procedures Standing Order at Page 1, available at: https://www.ohsd.uscourts.gov/sites/ohsd/files//Criminal%20Procedures%20Form%20%28website%29%203.16.pdf.

[2] The Court will begin at 10:00 a.m. on January 23, 2023 to accommodate the Jury Office, but trial will otherwise start at 9:30 a.m. each day.

**PROCEDURAL PROTOCOLS FOR TRIAL**

The Court identified the procedural protocols it will implement during the trial, relating to jurors and COVID-19 safety. These protocols will be memorialized by way of separate written Orders and Notices, and will be docketed by the Court prior to the commencement of trial.

**SUBSTANTIVE ISSUES**

**<u>Motions</u>**

With the exception of Defendant Borges's Motion to Strike Surplusage (Doc. 104) and Defendant Householder's Amended Motion to Suppress (Doc. 114), the Court has resolved all pretrial motions and evidentiary motions. During the Final Pretrial Conference, the Court indicated that the two remaining motions are DENIED and that the Court will issue its written Orders before the commencement of trial.

**<u>The Government's Trial Brief</u>**

The Court and the parties discussed the potential trial issues identified in the Government's Trial Brief. (Doc. 177). Defendant Householder's response is also memorialized on the docket. (Doc. 178).

### *Authentication of Business Records*

The parties are in the process of formalizing a stipulation.

### *Authentication of Data Generated from Electronic Processes or Copied from Electronic Devices*

Defendants agree that these items are self-authenticating.

*Statements of Party's Agents/Employees & Co-Conspirator Statements*

The Court has already conditionally admitted all co-conspirator statements made in furtherance of the conspiracy, subject to the Government meeting its burden during and upon completion of its case in chief. (Doc. 161 at 18-19, 21). The Court will issue a final ruling at the close of the Government's case. Defendants maintain a standing hearsay objection to all such statements.

The Court further found that Neil Clark's statements in particular do not constitute hearsay under Fed. R. Evid. 801(d)(2)(C), (D). (Doc. 161 at 20).

*Authenticity of Publicly Available Materials*

Defendants raise no objection.

*Summary Exhibits*

Defendants raise no objection at this time, subject to their review of the summary exhibits.

*Secondary Summaries*

Defendants raise no objection to the use of Secondary Summaries at this time, subject to their review. The Court reserves ruling on whether Secondary Summaries will be admitted into evidence.

*Transcripts of Recorded Conversations*

Defendant Householder raises no objection.

Defendant Borges's counsel believes they have identified two or three possible errors in the transcripts, despite counsel's failure to alert the Government prior to the Final Pretrial Conference. The Government objects, noting that the transcripts were

3

provided to counsel for review in early-December 2022, and feedback was requested by the end of December 2022. Nevertheless, the Government agrees to confer with Defendant Borges's counsel, and the parties will work to reach an agreement.

### *Argument in Voir Dire and Opening Statements*

The Court will not permit argument or advocacy regarding the facts of the case during *voir dire* or opening statements.

The Government asked that, two days before opening statements are given, the parties be required to exchange copies of any evidence, exhibits, or demonstrative aids that the defense intends to use during opening statements, in order to allow the Government to lodge any objection outside the jury's presence. Defendant Borges takes no position on the request, as he does not intend to use any such evidence, exhibits, or demonstrative aids. Defendant Householder objects to the request, noting that disclosing such materials to the Government in advance would unfairly divulge his trial strategy.

The Court **ORDERS** that, by **5:00 p.m. on Sunday, January 22, 2023**, the parties shall exchange copies of any evidence, exhibits, or demonstrative aids that they intend to use during opening statements.

### *Good Faith Defense*

The Court stated its position that the good faith defense does not apply to the RICO conspiracy charge. Defendants represented to the Court that they do not intend to discuss good faith in opening statements, but reserve argument on the propriety of a good faith defense instruction for the charging conference.

*Merits of HB 6*

Defendants maintain that the merits of HB 6 are relevant to the question of intent, as well as to counter anticipated disparagement of HB 6 by the Government's witnesses. The Court stated that it does not find the merits of HB 6 relevant to the case, nor does the Court intend to allow either side to present evidence or argue in favor of or against HB 6. Defendants are, of course, free to argue and evidence that they lacked the requisite *mens rea* for the conspiracy charge. Further, should Defendant Householder choose to testify, his support of HB 6 could have some relevance, in context. But the jury is not tasked with determining whether HB 6 was or could have been good law, and thus simply presenting argument or evidence regarding the merits of HB 6 is irrelevant.

*Neil Clark*

The parties agree that Neil Clark's death, and specifically the cause of death, are irrelevant. Neither side intends to reference Mr. Clark's death or suicide during the trial.

*Limit on Character Witnesses*

The Court declines to limit character witnesses at this time, but will do so if the defense presents redundant testimony.

**Additional Issues**

Defendant Householder states that he intends to file a motion to exclude evidence regarding cooperating witnesses' guilty pleas. Any such motion shall be filed by **Saturday, January 14, 2023**; and the Government's response in opposition shall be filed by **9:00 a.m. on Wednesday, January 18, 2023**.

**TRIAL SCHEDULE**

*Voir dire* is scheduled to commence at 9:30 a.m. on January 20, 2023.  Counsel shall arrive no later than 8:30 a.m.

After a jury is selected and sworn, the Court will recess for the day and reconvene at 10:00 a.m. on January 23, 2023, to begin with opening statements.

The trial is scheduled for six weeks:  January 23 to March 3, 2023.  There will be no trial on Monday, February 20, 2023 (Presidents' Day).  Assuming stipulations are reached as to authenticity of certain exhibits, the Government estimates that it will conclude its case in chief within three weeks.  Defendants estimates they will require roughly a week and a half, collectively, to present their case.

Trial will begin at 9:30 a.m. each morning and conclude for the day at 4:30 p.m., with the exception of January 23, 2023, when trial will convene at 10:00 a.m.

Each day, the Court will recess for 20 minutes, once at approximately 10:30 a.m. and again at approximately 2:45 p.m., with a 75-minute lunch break at approximately 12:00 p.m.  The Court intends to maintain a consistent schedule, although the timing and length of lunch breaks and recesses may vary depending on the flow of the trial.

 In order to allow adequate time to resolve any outstanding issues, and unless otherwise instructed, counsel shall be present in the courtroom at 8:30 a.m. on the morning of *voir dire*, and no later than 9:15 a.m. each morning thereafter.

Further, counsel should typically endeavor to return from lunch 5-10 minutes earlier than the jury.

*VOIR DIRE*

### Pre-*Voir Dire* Conference

On the morning of *voir dire*, the Court will confer with the parties, outside the presence of the prospective jurors, to finalize any outstanding matters. At that time, the Court will ask the Government to memorialize on the record any plea offers made to Defendants during the pendency of this case, and will confirm that Defendants are aware of and have rejected said offers, if any.

### Statement of the Case

The parties shall confer and jointly prepare a very short, neutral statement of the case, which statement the Court will read during *voir dire* and as part of its preliminary instructions. The parties shall email their proposed Statement of the Case to the Court's law clerk, no later than **3:00 p.m. on January 18, 2023**.

### *Voir Dire* by the Parties

Emily Glatfelter will conduct *voir dire* on behalf of the Government, Mark Marein will conduct *voir dire* on behalf of Defendant Householder, and Karl Schneider will conduct *voir dire* on behalf of Defendant Borges. The Government shall be permitted up to 45 minutes to conduct *voir dire*; Defendants shall have up to 90 minutes combined. Because counsel will not be permitted to ask redundant questions during *voir dire*, defense counsel is ORDERED to meet and confer, in an effort to reach a resolution regarding an equitable division of anticipated questions. If defense counsel are unable to reach a mutually agreeable resolution, the Court will require counsel to switch off *voir dire* in 15-minute increments.

*Voir dire* questions should initially be directed to the entire panel, with individual follow-up questions permitted. The Court will conduct individual questioning at side bar regarding bias and prior exposure to information about the case, and counsel will also be permitted to ask follow-up questions, at that time, at side bar.

### CHALLENGES

The Court and the parties agree to impanel twelve jurors and four alternate jurors. The four alternates will not be identified as such to the jury. Pursuant to Fed. R. Crim. P. 24(c)(4), both sides are entitled to two additional peremptory challenges for the alternate jurors. The additional peremptory challenges may not be used to strike a member of the voting jury. The number of peremptory challenges allowed are as follows:

| Peremptory Strikes: | Government: 6 | Defendant: 10 |
|---|---|---|
| Alternate Strikes: | Government: 2 | Defendant: 2 |

Parties are permitted to "back-strike" jurors, *i.e.*, go back and exercise a peremptory challenge on a lower-numbered juror. If either side chooses to "pass" on exercising its peremptory challenge in the order prescribed, that side has forfeited the challenge. Should both sides consecutively "pass" on exercising their peremptory challenges in the same round, the jury selection process will end and the jury will be impaneled as comprised at that time.

The Court **DENIES** Defendants' request to allot extra peremptory strikes to the defense.

8

**WITNESSES**

The parties have provided their witness lists to the Court *ex parte*. The Court will read the names of all potential witnesses to the prospective jurors during *voir dire*.

By 5:00 p.m. each day, the parties will provide to opposing counsel the names of witnesses who will be called the following day. The Government will provide defense counsel with its witnesses for Day 1 of trial on January 20, 2023.

Witnesses shall be **EXCLUDED**, with the exception of the Government's designated agent.

**OPENING STATEMENTS**

Emily Glatfelter will make the opening statement on behalf of the Government (requested time: 60-90 minutes); Steven Bradley will make the opening statement on behalf of Defendant Householder (requested time: 90 minutes); and Todd Long will make the opening statement on behalf of Defendant Borges (requested time: 60 minutes). The Court will permit opening statements of the duration requested. Defendants will give their opening statements immediately after the Government, at the start of trial.

**STIPULATIONS**

The parties are working to finalize stipulations regarding authentication of exhibits and interstate commerce. The parties also agree to work on reaching stipulations regarding venue and forfeiture.

The parties are reminded that any stipulations must be made in writing and signed by all counsel, and must be filed with the Court.  <u>Counsel shall prompt the Court to read the stipulations at the appropriate point during the presentation of the evidence</u>.

### *JENCKS*, *BRADY*, and *GIGLIO* MATERIAL

The Government represents that all materials have been provided, subject to its ongoing duty to supplement.  Defendants agrees to give the Government notice by Friday, January 13, 2023, if they intend to use any *Giglio* material previously provided to them.

### PROPOSED JURY INSTRUCTIONS & VERDICT FORMS

Proposed Jury Instructions and Verdict Forms were timely submitted.  Objections to any filed proposed instructions must be in writing, must include citations to authority, and must be filed by **January 25, 2023.**  Failure to timely object to a proposed instruction will constitute waiver of objection.

Supplemental instructions may be filed during trial.  All supplemental instructions must be filed within **48 hours** after the need for the instruction becomes apparent.  All objections to supplemental instructions must be in writing, must include citations to authority, and must be filed within **24 hours** from the filing of the supplemental proposed jury instructions to which the objection is directed.  Failure to timely object to a proposed instruction will constitute waiver of objection.

The Court will provide its draft jury instructions to all parties before the charging conference.

The Court will hold a charging conference after the close of all evidence. Final jury instructions will be provided to the attorneys after the charging conference. Final jury instructions will be read to the jurors before closing arguments.

**EXHIBITS**

The Government and Defendant Borges have provided the Court with their exhibit binders and electronic exhibits. Due to a technical issue, Defendant Householder was permitted an extension until Friday, January 13, 2023. The parties will also exchange exhibit binders with opposing counsel by Friday, January 13, 2023.

**IT IS SO ORDERED.**

Date: 1/13/2023

*Timothy S. Black*
Timothy S. Black
United States District Judge