UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT LARRY** |
| | ) | **HOUSEHOLDER'S MOTION TO** |
| LARRY HOUSEHOLDER, | ) | **EXCLUDE PLEA AGREEMENTS,** |
| | ) | **COOPERATION AGREEMENTS, AND** |
| Defendant. | ) | **IMMUNITY ORDERS** |

Defendant Larry Householder does not intend to impeach the co-defendants who have pleaded guilty with their plea and cooperation agreements. Nor does he intend to impeach the two witnesses[1] who have been granted immunity with those immunity orders. Because he does not intend to do so, those agreements and orders are irrelevant and, even if somehow relevant, unfairly prejudicial. What matters at trial is whether the government can prove beyond a reasonable doubt that Householder (and Defendant Borges) joined a racketeering conspiracy. It does not matter whether others have pleaded guilty to this conspiracy or been granted immunity. The Court should therefore preclude the government from questioning its witnesses about plea agreements, cooperation agreements, and immunity orders.

A memorandum in support is attached.

---

[1] Because the government's immunity motion and the Court's immunity order were filed under seal (*see* Docs. 170, 171), we will not identify these individuals in this public filing.

1

{01815664-1}

Dated: January 14, 2023            Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
   & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
       nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANT LARRY** |
| LARRY HOUSEHOLDER, | ) | **HOUSEHOLDER'S MOTION TO** |
| | ) | **EXCLUDE PLEA AGREEMENTS,** |
| Defendant. | ) | **COOPERATION AGREEMENTS, AND** |
| | ) | **IMMUNITY ORDERS** |

**I.      INTRODUCTION**

At a criminal trial, the jury is tasked with deciding whether the defendants on trial are guilty by proof beyond a reasonable doubt. The guilt of others is immaterial to that task. What matters is whether the evidence the government marshals proves the defendant's guilt; it does not matter whether a co-defendant or government witness has been convicted of the same crime.

True, in some cases, the government may elicit testimony from a testifying witness that he pleaded guilty and is cooperating with the government. But in those cases, the reason why that is so is because the defendant intends to use those facts—the witness's admission of guilt and his cooperation agreement—to impeach the testifying witness's credibility. When the defense does not intend to impeach the witness on that basis, however, the potential relevance of the plea and cooperation agreement dissipates.

Here, Defendant Householder does not intend to impeach Jeffrey Longstreth or Juan Cespedes with their plea agreements or their cooperation agreements. Nor does he intend to impeach the two witnesses who have been granted immunity with those orders. Because he does not intend to impeach these witnesses on this basis, the Court should preclude the government from eliciting any evidence that these witnesses pleaded guilty or were granted immunity.

3

## II.     BACKGROUND

In July 2020, the government charged six defendants, in a criminal complaint, with conspiracy to engage in racketeering. (*See* Doc. 5). About a week later, the grand jury returned an indictment against these defendants, which charged a single count: conspiracy to engage in racketeering. (Doc. 22).

Three of the defendants, Jeffrey Longstreth, Juan Cespedes, and Generation Now, Inc.,[2] pleaded guilty, pursuant to plea agreements, to the racketeering conspiracy charge. (*See* Docs. 63, 64, 78). In doing so, those defendants admitted that they participated in a racketeering conspiracy with Householder and Defendant Borges, who both pleaded not guilty and are proceeding to a jury trial. As part of the government's Jencks Act production earlier this month, the government produced cooperation agreements that Longstreth and Cespedes executed, which were filed under seal.

A few weeks ago, the government applied for and the Court issued immunity orders, under 18 U.S.C. § 6003, for two potential witnesses at the upcoming trial. (Docs. 170, 171).

## III.    ARGUMENT

The Court should preclude the government from eliciting evidence from any witness, including Longstreth and Cespedes, that those two witnesses pleaded guilty and are cooperating with the government. "Generally, the guilty plea or conviction of a co-defendant or co-conspirator is not admissible at trial, and such guilty pleas and convictions are never admissible as substantive evidence of the defendant's guilt." *United States v. Sanders*, 95 F.3d 449, 454 (6th

---

[2] As we have argued elsewhere (*see* Docs. 140, 156), because a corporation cannot testify at trial, the corporation's plea or cooperation agreement cannot be referenced at trial. But for the avoidance of doubt, Householder also would not seek to impeach Generation Now with its plea agreement.

Cir. 1996). But the Sixth Circuit has explained that a guilty plea of a co-defendant[3] "*may* properly be considered as evidence of a witness' credibility." *United States v. Thornton*, 609 F.3d 373, 377 (6th Cir. 2010) (emphasis added) (quoting *United States v. Christian*, 786 F.2d 203, 214 (6th Cir. 1986)). The reason for that is that "a plea agreement could be interpreted as either bolstering or hurting a witness' credibility, so that introduction of the entire agreement is appropriate to permit the jury 'to consider fully the possible conflicting motivations underlying the witness' testimony.'" *Id.* (quoting *United States v. Tocco*, 200 F.3d 401, 416 (6th Cir. 2000)). Thus, a "prosecutor may refer to [a plea] agreement in appropriate circumstances to deflect defendant's use of a plea agreement to *attack* the witness' credibility." *Tocco*, 200 F.3d at 416-17; *see United States v. Townsend*, 796 F.2d 158, 162 (6th Cir. 1986) ("[T]he elicitation of the fact of the [plea] agreement and the witness' understanding of it . . . should be permitted on direct examination *in order to anticipate cross-examination by the defendant* which might give the jury the unjustified impression that the Government was concealing this relevant fact.") (emphasis added) (quoting *United States v. Edwards*, 631 F.2d 1049, 1052 (2d Cir. 1980)).

Therefore, "[i]n trials where defendants do not commit to give up attacking the witness's testimony with the cooperating plea agreement, there is [] logic to allow prosecutors to introduce the plea agreement in the prosecutor's direct examination." *United States v. Clark*, No. 1:19-cr-148, 2020 WL 830057, at *13 (N.D. Ohio Feb. 20, 2020). Conversely, however, "[w]hen a defendant offers to forgo a guilty-plea-based attack on a witness's credibility, the Court should not allow evidence of the witness's plea." *Id.* at *14 (holding the court erred in permitting the government to elicit evidence regarding co-defendants' guilty pleas); *accord United States v.*

---

[3] Importantly, the co-defendant must testify for the government to admit his plea agreement. *See Sanders*, 95 F.3d at 454 ("Convictions and guilty pleas generally are not admissible for credibility purposes if the co-conspirator or co-defendant does not testify, and convictions and guilty pleas of co-conspirators or co-defendants other than the witness are not admissible to attack or bolster the witness's credibility.").

*Nosal*, No. CR-08-0237 EMC, 2013 WL 11327121, at *8 (N.D. Cal. Mar. 29, 2013) ("In this case, however, where the defendant has stipulated that he will not attack the credibility of the witnesses based on the plea deals, the probative value of the guilty pleas is minimal. The witnesses' credibility is not threatened because Defendant will not impeach on the basis of the pleas.").

This makes perfect sense. The Sixth Circuit's caselaw makes clear that the government may elicit on a direct examination evidence that a co-defendant pleaded guilty to prevent the defense from bringing that fact up first on cross-examination, "which might give the jury the unjustified impression that the Government was concealing this relevant fact." *Townsend*, 796 F.2d at 162 (cleaned up); *see also United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 86 (2d Cir. 2014) (stating that "the Government may not introduce the bolstering aspects of a cooperation agreement unless and until the witness's credibility has been questioned in ways that 'open the door' to the admission of the agreement"). But there is no risk of the defense doing this if they commit to giving up impeaching on this basis. *See United States v. Dworken*, 855 F.2d 12, 30 n.21 (1st Cir. 1988) ("[If the defense stipulated that they would not challenge the witness's credibility with the witness's plea,] the guilty plea and the terms of the agreement struck with the government would not have been probative as to any part of [the witness's] testimony or the crimes alleged.").

Once the defense forgoes impeaching on the basis of a guilty plea, the relevance of the plea disappears. After all, the fact that a co-defendant pleaded guilty cannot be used to **bolster** his credibility: "Felony conviction questions are permitted 'to <u>attack</u> [ ] a witness's character for truthfulness by evidence of a criminal conviction.' Rule 609 does not provide for supporting a

6

{01815664-1}

witness's character for truthfulness with criminal conviction evidence." *Clark*, 2020 WL 830057, at *14 (quoting Fed. R. Evid. 609).

Admission of a co-defendant's guilty plea is especially prejudicial in a conspiracy case "because the crime by definition requires the participation of another. The jury could not fail to appreciate the significance of this and would realize, as the court said in a similar case, *United States v. Harrell*, 436 F.2d 606, 614 (5th Cir. 1970), that 'it takes two to tango.'" *United States v. Gullo*, 502 F.2d 759, 761 (3d Cir. 1974). After all, "a guilty plea entered by a codefendant can be especially prejudicial if the plea is made in connection with a conspiracy to which the remaining defendants are charged," as is the case here. *Thornton*, 609 F.3d at 378 (cleaned up). And "[t]here is a spillover risk of inferring Defendant's guilt simply from the pleas." *United States v. Nosal*, No. CR-08-0237 EMC, 2013 WL 11327121, at *8 (N.D. Cal. Mar. 29, 2013) (holding that co-defendant's guilty plea should be excluded under Rule 403). This is no idle concern: "allowing plea agreement evidence risks that the jury accept the co-conspirator's pleas as evidence of a conspiracy. In effect, the jury could logically conclude that a conspiracy must have existed if the co-defendants had already admitted a conspiracy existed." *United States v. Clark*, No. 1:19-cr-148, 2020 WL 830057, at *14 (N.D. Ohio Feb. 20, 2020).

To be clear, Householder does not ask the Court to preclude Longstreth and Cespedes from testifying factually about what they did or did not do between 2016 and July 2020, the time period of the alleged conspiracy. "The factual basis for witnesses' knowledge of the events will be elicited irrespective of whether they entered a plea." *Nosal*, 2013 WL 11327121, at *8. But whether they entered a plea, were charged in this case, and admitted to conspiring with Householder is not admissible evidence.

At bottom, Longstreth's and Cespedes' guilty pleas and cooperation agreements are not probative of any fact to be proven trial. In fact, given Householder's promise that he will not impeach on this basis, the plea and cooperation agreements are only probative of improper evidence: guilt by association. The government would use these agreements to brand the Defendants on trial here, Householder and Borges, guilty by association and argue that a conspiracy must have existed because Longstreth and Cespedes have pleaded guilty to joining one. That type of evidence is improper and should be excluded.

For similar reasons, the immunity orders should also be excluded at trial. Householder does not intend to impeach those witnesses using the immunity orders. Thus, there is no probative value to the jury learning that two witnesses were granted immunity.

## IV.  CONCLUSION

For these reasons, the Court should exclude evidence that Longstreth and Cespedes have pleaded guilty and entered into cooperation agreements with the government. Likewise, the Court should exclude evidence that two witnesses were granted immunity.

Dated: January 14, 2023

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
      nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed on January 14, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
