# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. 1:20-CR-77 |
| v. | : |
| | : JUDGE BLACK |
| LARRY HOUSEHOLDER, et al., | : |
| | : **GOVERNMENT RESPONSE TO** |
| Defendants. | : **DEFENDANT HOUSEHOLDER'S** |
| | : **MOTION TO EXCLUDE PLEA** |
| | : **AGREEMENTS, COOPERATION** |
| | : **AGREEMENTS, AND IMMUNITY** |
| | : **ORDERS** |

The United States respectfully submits this response to Defendant Larry Householder's Motion to Exclude Plea Agreements, Cooperation Agreements, and Immunity Orders. (Doc. 181.) For the reasons that follow, the motion should be denied.[1]

---

[1] On January 16, 2023, Defendant Borges filed a motion joining Defendant Householder's motion and adopting his arguments. (Doc. 183.) Defendant Borges's motion should be denied for the same reasons.

## ARGUMENT

**I.     The Motion is Untimely.**

The Court's Order required all motions in limine to be filed by November 9, 2022. (Doc. 118, criminal trial calendar at 3396.) Yet, Householder has filed this motion over two months after that deadline and just six days before trial. Householder has provided no explanation for his belated motion. *See Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) ("[A] court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril[.]" (quotation omitted)).

To the extent Householder claims that he could not have filed this motion sooner because he did not receive the government's Jencks Act production until earlier this month, that is nonsense. Defense counsel are experienced federal practitioners. They have long known that coconspirators Jeffrey Longstreth and Juan Cespedes pled guilty pursuant to plea agreements, and they have likewise long anticipated that they will testify at trial. (Docs. 63, 64 (coconspirator plea agreements); Doc. 92 (Borges motion to compel statements of Cespedes and Longstreth); Doc. 174 (proposed jury instructions seeking Sixth Cir. Pattern 7.07 (Testimony of a Witness Under Grant of Immunity of Reduced Criminal Liability)).) What's more, counsel previously cited, in a motion in limine that *was* timely filed, the law on which they rely in this untimely motion. (Doc. 140, motion in limine at 3782-83.) Counsel has thus had both the factual basis and legal basis for this motion for months but elected to wait until the week before trial to file it.[2] *See, e.g., Pearl v. Keystone Consol. Industries, Inc.*, 884 F.2d 1047, 1052 (7th Cir. 1989) (district court did not abuse its discretion in denying a motion in limine that was untimely).[3]

---

[2] Defense counsel filed a similar motion—also one week before trial—in a conspiracy case in the Northern District of Ohio. *United States v. Clark*, No. 1:19-cr-148, Doc. #177.

[3] For purposes of appeal, the government asks the Court to also rule on the merits of the motion.

**II.     The Motion Also Should Be Denied on the Merits.**

The law is well-settled that, under proper instruction, evidence of a guilty plea may be elicited by the prosecutor on direct examination so that the jury may assess the credibility of the witnesses the government asks it to believe. *United States v. Sanders*, 95 F.3d 449, 454 (6th Cir. 1996); *United States v. Christian*, 786 F.2d 203, 214 (6th Cir. 1986). Householder argues that evidence of a witness's guilty plea may not be elicited by the government if he promises not to attack the witness's credibility on that basis. He is wrong. Indeed, every Court of Appeals to directly consider this question—whether a defendant's promise not to raise the issue of a witness's guilty plea prevents the government from raising it—has held that it does not. *See United States v. Montani*, 204 F.3d 761, 766 (7th Cir. 2000); *United States v. Universal Rehab. Servs.*, 205 F.3d 657, 666-67 (3d Cir. 2000) (en banc); *United States v. Richardson*, 421 F.3d 17, 40 (1st Cir. 2005); *United States v. McNeill*, 728 F.2d 5, 14 (1st Cir. 1984) (immunity agreements).

Codefendants Longstreth and Cespedes have pled guilty to conspiracy and have agreed to testify at trial. The government does not intend to introduce the plea agreements or cooperation agreements themselves into evidence, but it does intend to elicit testimony from the witnesses about their guilty pleas and their agreements with the government.[4] The cooperators' testimony regarding their guilty pleas will aid the jury in assessing their credibility; explain why the

---

[4] The government also plans to call witnesses pursuant to immunity grants. With respect to these witnesses, the government intends to inquire about the court orders granting the witnesses' immunity and compelling them to testify. As Householder's motion focuses on the cooperators, this response does as well. On the specific issue of immunity agreements, however, the United States directs the Court to *United States v. McNeill*, 728 F.2d 5 (1st Cir. 1984) and *United States v. LeFevour*, 798 F.2d 977 (7th Cir. 1986). *McNeill*, 728 F.2d at 14 (holding that "the trial court correctly permitted the government to elicit [information about orders granting witnesses immunity to testify]," despite the defense's promise "not [to] impeach the witnesses' credibility on cross-examination"); *LeFevour*, 798 F.2d at 984 ("fact of [immunity] agreements [] was relevant to putting the essential circumstances of the witnesses' testimony before the jury even if there was no expectation of cross-examination").

2

cooperators are willing to testify about their involvement in criminal activity; and make clear that the defendants are not being selectively prosecuted.

Jurors must determine the credibility of all witnesses who testify, regardless of whether their credibility is attacked. Sixth Cir. Pattern 1.07 (Credibility of Witnesses). Of course, here, Householder *does* intend to attack the cooperators' credibility; and for an understandable reason. The cooperators' testimony—and, therefore, their credibility—is highly relevant to establishing the facts of the conspiracy in this case. But the jury cannot properly assess the cooperators' credibility without knowledge of their guilty pleas. *See Universal Rehab.*, 205 F.3d at 667 ("offer to refrain from affirmatively challenging [witnesses'] credibility did not, and could not, carry the same probative value on the issue of witness credibility as the introduction of [their] guilty pleas"); *McNeill*, 728 F.2d at 14 (defendant's statement that he would not impeach government's witness "d[id] not diminish the benefit to the jury of having before it information relevant to its task of judging credibility and weighing testimony"); *Montani*, 204 F.3d at 766 ("introducing evidence of a witness's guilty plea or immunity deal serves the 'truth-seeking' function of the trial by presenting all relevant aspects of a witness's testimony at one time"). The United States is entitled to put the cooperators' testimony in context and provide the jury with all of the information needed to assess their credibility. By questioning the cooperators about their guilty pleas, the government "simply want[s] the jury to recognize who [each] witness is, take the testimony as it is, and give [it] a fair evaluation, blemishes and all." *Christian*, 786 F.2d at 214; *see id.* (the jury should know a witness's "total connection" to the crime).

Householder's argument rests on the incorrect assumption that, "once the defense forgoes impeaching on the basis of a guilty plea, the relevance of the plea disappears." (Doc. 181 at 4365.) Householder's promise cannot remove the relevance of the cooperators' guilty pleas because

3

"impeachment is presumed" where witnesses testify about crimes in which they were participants. *Montani*, 204 F.3d at 767 (coconspirator's "credibility was impeached by his own testimony"); *Universal Rehab*, 205 F.3d at 666 (where coconspirator testifies that he took part in a crime with which defendant is charged, his "credibility is automatically implicated") (citation and quotation marks omitted); *see* Fed. R. Evid. 607 (permitting "[t]he credibility of a witness [to] be attacked by any party, including the party calling the witness"). The jury will "naturally and unavoidably" wonder why these witnesses are testifying for the government, whether they were charged with crimes, and what they are getting in return for their testimony. *Montani*, 204 F.3d at 766. In this situation, where a witness's "integrity and character for truthfulness will be questioned," the government "has a right to bring out evidence explaining to the jury the reasons for and extent of [a cooperating witness's] bias." *Id*. at 767; *Universal Rehab*, 205 F.3d at 666.

Contrary to Householder's suggestion, introducing the fact of the guilty pleas in this situation "does not 'bolster' the witness's credibility at all." *Montani*, 204 F.3d at 766. "Instead, it merely allows the government to provide the impeaching fact on its own terms." *Id*. at 766. The jury should be permitted to consider the "conflicting motivations" underlying a witness's testimony. *United States v. Thornton*, 609 F.3d 373, 377 (6th Cir. 2010) (noting that plea agreements can be interpreted as hurting a witness's credibility).

Introducing evidence that the cooperators entered guilty pleas is also necessary to eliminate inevitable concerns about selective prosecution, and to prevent uninformed speculation about that issue. *Universal Rehab.*, 205 F.3d at 666-67 (testimony about guilty pleas admissible, despite defense promise to forgo cross-examination, to "counteract the possibility that the jury might believe [the defendants] were being selectively prosecuted"); *see Montani*, 204 F.3d at 766-77. If the government cannot elicit the basic facts of the cooperators' guilty pleas on direct examination,

4

the jury will be left to speculate about why the defendants were singled out for prosecution. In this way, Householder will be able to effectively circumvent the Court's order (Doc. 161) prohibiting selective-prosecution arguments.

To be clear, Householder has *not* agreed to refrain from challenging the cooperators' credibility, nor has he agreed to refrain from raising inferences the guilty pleas might rebut. He has simply promised not to impeach the witnesses on the basis of their plea agreements. It is therefore likely that the government *will* need to question the witnesses about their guilty pleas on redirect. If Householder has his way, the jury will be left with the misimpression that the government was purposely hiding this evidence from them.[5] *See, e.g., Christian*, 786 F.2d at 214 ("The prosecutor may also wish to place the plea before the jury so as to blunt defense efforts at impeachment and dispel the suggestion that the government or its witness has something to hide.").

Finally, the probative value of this testimony is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Householder argues that "[a]dmission of a co-defendant's guilty plea is especially prejudicial in a conspiracy case" because it risks the jury "'accept[ing] the co-conspirator's plea as evidence of a conspiracy.'" (Doc. 181 at 4366 (quoting *United States v. Clark*, No. 1:19-cr-148, 2020 WL 830057, at *13 (N.D. Ohio Feb. 20, 2020).) But proper limiting instructions given before each witness's testimony and at the conclusion of the trial will cure any

---

[5] In suggesting that "there is no risk" of this happening, Householder misquotes *United States v. Dworken*, 855 F.2d 12, 30 n.21 (1st Cir. 1988). That case stated: "[D]efendant's argument would be in a different posture had defense counsel stipulated with certainty that [the witness's] credibility would not be challenged. In that case, the guilty plea and the terms of the agreement struck with the government would not have been probative as to any part of [the witness's] testimony or the crimes alleged."). Householder's alteration is misleading. (Doc. 181 at 4365 ("[If the defense stipulated that they would not challenge the witness's credibility with the witness's plea,] the guilty plea and the terms of the agreement struck with the government would not have been probative as to any part of [the witness's] testimony or the crimes alleged.").)

5

such prejudice.[6] *See Universal Rehab.*, 205 F.3d at 669 (affirming admission of evidence of coconspirator guilty pleas under Rule 403, despite defense promise not to impeach on that basis, and "hold[ing] that the detailed limiting instructions provided by the district court cured the prejudicial effect, if any, flowing from the introduction of [coconspirators'] guilty pleas and plea agreements"); *Montani*, 204 F.3d at 767 (affirming admission of evidence of co-defendant guilty plea under Rule 403, despite defense promise not to impeach on that basis, and noting that any prejudice was "cured . . . through the usual method of instructing the jury to consider the evidence only for credibility"); *see also, e.g., United States v. Stapleton,* 297 F. App'x 413, 421 (6th Cir. 2008) (limiting instructions regarding guilty pleas "were adequate to ensure that the jury did not use [the] evidence for an improper purpose"); *United States v. Skouteris*, 51 F.4th 658, 671 (6th Cir. 2022) (jurors are presumed to follow limiting instructions concerning proper uses of evidence). Any potential prejudice flowing from testimony concerning the pleas will be further negated because the cooperators will be testifying about the specific facts underlying the conspiracy. *See Thornton*, 609 F.3d at 377 (holding that admission of testimony about the details of cooperating coconspirator's plea agreement on direct examination "was not error" and noting that potential prejudice of conspiracy plea was negated because coconspirator testified about facts underlying conspiracy); *Christian*, 786 F.2d at 214 ("much of this potential for prejudice is negated when the pleading codefendant . . . testifies regarding the specific facts underlying the crimes in issue").

---

[6] The United States proposes the following instruction: As part of [witness's] testimony, you heard evidence that [witness] pled guilty to a crime. The fact that [witness] pled guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this evidence against the defendants in any way. This evidence may only be used to assess the credibility of [witness's] testimony. In other words, it may only be used to determine how much or how little weight to give to [witness's] testimony.

6

The two district court cases Householder cites in support of his motion are distinguishable and do not support exclusion of testimony concerning the cooperators' guilty pleas in this case. (Doc. 181 at 4366 (citing *United States v. Nosal*, No. CR-08-0237 EMC, 2013 WL 11327121, (N.D. Cal. Mar. 29, 2013); *United States v. Clark*, No. 1:19-cr-148, 2020 WL 830057, (N.D. Ohio Feb. 20, 2020)).) In *United States v. Clark*, the district court initially denied the motion for exclusion. The district court later reversed itself in a post-trial order in which it found that admitting the plea agreement evidence "risk[ed] that the jury accept[ed] the co-conspirator's pleas as evidence of a conspiracy." *Id*. at *14. Crucial to the court's reversal was the fact that its expectations about the evidence did not pan out: the coconspirators did not independently testify about the facts relating to the conspiracy and "the conspiracy claims were much weaker than the Court [believed them to be]." *Id*. In addition, the district court failed to issue a contemporaneous limiting instruction, compounding the prejudice. *Id.*[7] For the reasons explained above, these concerns will not be present here.

The other case Householder cites, *United States v. Nosal*, No. CR-08-0237 EMC, 2013 WL 11327121, (N.D. Cal. Mar. 29, 2013), similarly relied on case-specific factors in its Rule 403 analysis, including that the defendant "[did] not assert selective prosecution" and that the witnesses would testify that documents taken were "trade secrets," a fact the defendant "hotly contest[ed]." *Id.* at *8. Here, in contrast, arguments and inferences about selective prosecution are a serious concern. And Householder has identified no similarly contested facts that will be implicated by the cooperators' testimony.

---

[7] Although the *Clark* court determined that admitting the testimony about the guilty pleas was error, it did not find that the error was significant enough to warrant a new trial. *Id*. at *15.

For all of these reasons, the probative value of evidence that the cooperators pled guilty is not substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. Based on the specific facts of this case, the Court should conclude that the evidence is admissible.

## **CONCLUSION**

The defendant's motion should be denied, both because it is untimely and because it fails on the merits.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)

*s/ Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)

*s/ Megan Gaffney Painter*
MEGAN GAFFNEY PAINTER (NY4849220)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Emily.Glatfelter@usdoj.gov
Email:  Matthew.Singer@usdoj.gov
Email: Megan.Gaffney@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 18th day of January 2023, which provides electronic notice to all parties.

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney
