IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:20-CR-077 |
| vs. | : | JUDGE BLACK |
| LARRY HOUSEHOLDER, *et al*, | : | |
| Defendant. | : | |

### MOTION TO QUASH SUBPOENA ISSUED TO TIMOTHY BURGA

Timothy Burga, through undersigned counsel, hereby moves this Court for an order quashing the subpoena *ad testificandum* served on January 23, 2023.

Respectfully submitted,

　/s/　Steven S. Nolder
Steven S. Nolder (0037795)
65 E. State Street, Suite 200
Columbus, Ohio 43215-3469
(614) 221-9790
snolder9@gmail.com
Attorney for Timothy Burga

### MEMORANDUM

**I.　Introduction.**

Since 2011, Timothy Burga has been President of the Ohio AFL-CIO. In early 2021, the Ohio AFL-CIO produced documents in this case pursuant to a grand jury subpoena. At least some of these documents were recently identified by the government as self-authenticating and the parties later stipulated they were Ohio AFL-CIO's business records. (R. #176-21, Notice of Self-Authenticating Evidence, Exhibit U, PAGE ID #4264) and (R. #188, Stipulations, PAGE ID #4501).

On the day the stipulations were signed, a process server, Erika, appeared at the Ohio AFL-CIO's office to serve a subpoena *ad testificandum* on Burga.  At that time, Burga wasn't in the office, and no one was authorized to accept service on his behalf.  However, undersigned counsel spoke with Erika who related she was serving the subpoena on behalf of Defendant Householder.  Nicholas Oleski was identified as the attorney requesting the subpoena and Erika provided his contact information.

On January 22, 2023, undersigned counsel drafted an email to Oleski to learn the contours of Burga's testimony that Householder seeks to elicit.  (Exhibit A). To date, Oleski has ignored this request for information.

On January 23, 2023, undersigned counsel contacted Erika and informed her the subpoena would be accepted by the Ohio AFL-CIO's receptionist.  Erika accomplished service later that day (Exhibit B) and Burga now seeks to quash the subpoena because he can provide no material or relevant evidence favorable to the defense.

**II.     Ohio AFL-CIO's Actions to Defeat the Effort to Repeal HB-6.**

After HB-6 was signed into law by Governor Mike DeWine, the Ohio AFL-CIO was approached to participate in a campaign to defeat an effort to the repeal the legislation.  After internal deliberations as well as a legal opinion from counsel, the Ohio AFL-CIO approved receiving approximately $1,400,000.00 from Generation Now and Jeffrey Longstreth USA to fund advertising urging opposition to the repeal effort.

A condition precedent for the Ohio AFL-CIO accepting these funds, however, was it would control the content of the advertising, which would only tout the virtues of HB-6.  These benefits included saving 4,000 jobs at the Perry and Davis-Besse Nuclear Power Plants, preventing economic devastation in the communities where these workers lived if the jobs were lost, and

diversification of Ohio's energy portfolio. Attached hereto as Exhibit C, are photocopies of direct mailers the Ohio AFL-CIO authorized to be produced.

### III. THIS LITIGATION.

Timothy Burga has never been interviewed by either counsel or an investigator employed by Larry Householder. Moreover, without the professional courtesy from Householder's counsel highlighting the purpose of calling Timothy Burga as a witness, he can only guess that he would be asked to highlight the virtues of HB-6. This testimony, however, would be out of bounds.

The propriety of testimony about HB-6's benefits was first raised by the government in its trial brief filed on January 6, 2023. (R. #177, Government's Trial Brief, PAGE ID# 4330-32). In his trial brief, Householder challenged the government's position. (R. #178, Householder Trial Brief, PAGE ID #4342-45). Five days later, at the final pretrial conference, this issue was also addressed by the parties. (R. #182, Transcript of Final Pretrial Conference, PAGE ID #4410-14). In its Final Pretrial Order issued after the conference, this Court ruled that:

> Defendants maintain that the merits of HB 6 are relevant to the question of intent, as well as to counter anticipated disparagement of HB 6 by the Government's witnesses. The Court stated that it does not find the merits of HB 6 relevant to the case, nor does the Court intend to allow either side to present evidence or argue in favor of or against HB 6. Defendants are, of course, free to argue and evidence that they lacked the requisite *mens rea* for the conspiracy charge. Further, should Defendant Householder choose to testify, his support of HB 6 could have some relevance, in context. But the jury is not tasked with determining whether HB 6 was or could have been good law, and thus simply presenting argument or evidence regarding the merits of HB 6 is irrelevant.

(R. 180 Final Pretrial Order, PAGE ID #4353).

If it's the intention of Householder to elicit testimony from Timothy Burga about the virtues of HB-6, this Court has forbidden this testimony in its Final Pretrial Order. Based on this

decision, Burga has no material or relevant evidence favorable to the defense.

IV.     LEGAL ANALYSIS.

Fed. R. Crim. P. 17(c)(2) provides the lens through which a motion to quash a subpoena *duces tecum* is analyzed and there is no parallel provision in Rule 17(a) to evaluate a motion to quash *ad testificandum* subpoenas.  Instead, the extant jurisprudence teaches that a subpoena *ad testificandum* must be quashed when its proponent fails to "show that the testimony sought is both relevant and material." *Stern v. United States District Court*, 214 F.3d 4, 17 (1st Cir. 2012).

The Supreme Court has concluded this limit on the power to subpoena in a criminal case does not offend the defendant's Sixth Amendment right to compulsory process because that right "does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses; it guarantees him compulsory process for obtaining *witnesses in his favor*." (Emphasis in Original). *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). Therefore, Burga's subpoena *ad testificandum* can only be enforced if Householder demonstrates Burga's testimony is both material and relevant to his defense.

Timothy Burga has no knowledge of the grand jury's alleged *quid pro quo* arrangement between Householder, any of his co-defendants, and/or First Energy executives. Moreover, according to this Court's Final Pretrial Order, should Householder choose to testify, his reasons for supporting HB-6 has "some relevance."  The media accounts of the opening statement delivered by Householder's counsel highlight this is a theme that'll likely be pursued.  "Ex-Ohio House Speaker Larry Householder supported a $1.3 billion bailout for two nuclear plants because he backed saving jobs, not because he was bribed by FirstEnergy and its allies, his attorney Steven Bradley said."    https://www.dispatch.com/story/news/politics/2023/01/23/house-bill-6-trial-opening-statements-lay-out-federal-corruption-case/69775340007/. However, testimony on this

4

issue going right to the heart of Householder's *mens rea* can only come from Householder, not Timothy Burga. (R. 180 Final Pretrial Order, PAGE ID #4353).

Consequently, Householder cannot demonstrate Timothy Burga can provide any relevant and material testimony favorable to Householder's defense or that his presence is necessary to an adequate defense. Therefore, Burga's subpoena must be quashed. *United States v. Santistevan*, 2012 WL 2875949, *1-2 (D. Colo. July 12, 2012) (quashing subpoenas because the defendant failed to demonstrate the witnesses' anticipated testimony would be relevant and material); *see also, Crumpton v. United States*, 138 U.S. 361, 364-65 (1891) (holding that the district court was in its discretion to refuse the defendant's request to subpoena a proposed witness because, in part, the witness's anticipated testimony "seems to have been of little importance").

V. CONCLUSION.

For the foregoing reasons, Timothy Burga respectfully moves this Court for an order quashing the subpoena *ad testificandum* Defendant Householder served on January 23, 2023.

Respectfully submitted,

 /s/   Steven S. Nolder
Steven S. Nolder (0037795)
65 E. State Street, Suite 200
Columbus, OH 43215
(614) 221-9790
snolder9@gmail.com
Attorney for Timothy Burga

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this Motion to Quash Subpoena was electronically served on all counsel this 30th day of January, 2023.

 /s/   Steven S. Nolder
Steven S. Nolder (0037795)
Attorney for Timothy Burga