## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:20-CR-0077 |
| vs. | : | JUDGE TIMOTHY S. BLACK |
| LARRY HOUSEHOLDER, *et al*, | : | |
| Defendant. | : | |

### NON-PARTY GEOFFREY VERHOFF'S
### MOTION *IN LIMINE* TO INVOKE HIS FIFTH AMENDMENT RIGHTS

Non-Party Geoffrey Verhoff, through undersigned counsel, hereby moves this Court for a motion *in limine* to invoke his Fifth Amendment rights and for a protective order or, in the alternative, to quash the trial subpoena served on him by defendant Larry Householder's counsel on February 21, 2023.

Respectfully Submitted,

/s/ W.E. Hunt

William E. Hunt (0024951)
P.O. Box 42082
Cincinnati, OH 45242
+1(513)623-5523
wme.hunt@wmehuntlaw.com

Robert H. Hotz, Jr. (*pro hac vice admission pending*)
Sohom Datta (*pro hac vice admission pending*)
1271 Avenue of the Americas
New York, New York 10020-1401
+1(212)906-1200
robert.hotz@lw.com
sohom.datta@lw.com

*Attorneys for Geoffrey Verhoff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:20-CR-0077 |
| vs. | : | JUDGE TIMOTHY S. BLACK |
| LARRY HOUSEHOLDER, *et al*, | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF
NON-PARTY GEOFFREY VERHOFF'S
MOTION *IN LIMINE* TO INVOKE HIS FIFTH AMENDMENT RIGHTS**

**I.    INTRODUCTION**

Non-party Geoffrey Verhoff has been subpoenaed by counsel for defendant Larry Householder to testify about a meeting he attended with defendant Householder and others on October 10, 2018. The government's main cooperating witness, Juan Cespedes, has testified in open court that defendant Householder received a bribe at that meeting. Mr. Verhoff is not on trial, and he has not been accused of a crime. On advice of counsel, Mr. Verhoff has chosen to invoke his constitutional rights under the Fifth Amendment, which protects the innocent who finds himself in just this predicament. Under these circumstances, Mr. Verhoff cannot be compelled to give testimony in violation of his Fifth Amendment rights. Accordingly, Mr. Verhoff respectfully requests this Court to grant his motion *in limine* to invoke his Fifth Amendment rights and for a protective order or, in the alternative, to quash the trial subpoena served on him.[1]

---

[1] Counsel for Mr. Verhoff have met and conferred with counsel for defendant Householder before submitting this motion. Counsel for defendant Householder have informed us that they do not oppose this motion.

## II.  ARGUMENT

### A.  Mr. Verhoff Is Entitled To Invoke His Fifth Amendment Rights And Should Not Be Compelled To Testify.

It is a well-settled principle of constitutional law that "one of the Fifth Amendment's basic functions is to protect innocent men who otherwise might be ensnared by ambiguous circumstances." *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (internal quotations omitted). The privilege afforded by the Fifth Amendment "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

It is axiomatic "that truthful responses of an innocent witness, as well as those of a wrongdoer, may provide the government with incriminating evidence from the speaker's own mouth." *Reiner*, 532 U.S. at 21. Mr. Verhoff was present at the October 10, 2018 meeting when the alleged bribery occurred. Therefore, Mr. Verhoff has reasonable cause to invoke.

### B.  Mr. Verhoff Should Not Be Required To Take The Stand Because It Is Futile And Unnecessary.

The Sixth Circuit has disposed of the requirement for a witness to invoke in open court when the court already knows that "reasonable cause" to invoke the Fifth Amendment privilege exists. *United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009) ("when a defendant has a clear entitlement to claim the [Fifth Amendment] privilege, forcing the defendant to take the stand is 'futile' and thus unnecessary"); *United States v. McAllister*, 693 F.3d 572, 583-84 (6th Cir. 2012) (no error when court accepted witness's blanket refusal to testify). Here, it is obvious that reasonable cause exists for Mr. Verhoff to invoke the privilege. Accordingly, Mr. Verhoff should not be required to take the stand.

2

### III. CONCLUSION

For these reasons, the Court should grant Mr. Verhoff's unopposed motion in all respects.

Dated: March 1, 2023

Respectfully Submitted,

*[signature]*

William E. Hunt (0024951)
P.O. Box 42082
Cincinnati, OH 45242
+1(513)623-5523
wme.hunt@wmehuntlaw.com

Robert H. Hotz, Jr. (*pro hac vice admission pending*)
Sohom Datta (*pro hac vice admission pending*)
1271 Avenue of the Americas
New York, New York 10020-1401
+1(212)906-1200
robert.hotz@lw.com
sohom.datta@lw.com

*Attorneys for Geoffrey Verhoff*

## CERTIFICATE OF SERVICE

I certify that on March 1, 2023 I served the foregoing in the above-captioned action to: US District Court Clerk at Cincinnati Ohio.

Notice of manual filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing at the Clerk's office.

*William E. Hunt (0024951)*